IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WANDA DENISE AYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| vs. | ) | 3.04CV1002-T |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

Defendant Wal-Mart Stores East, LP ("Wal-Mart"), improperly identified in the Plaintiff's Complaint as Wal-Mart Corporation, answers the Plaintiff's Complaint as follows:

Wal-Mart admits that the Plaintiff filed a charge of discrimination with the EEOC alleging that she was not selected for Wal-Mart's Management Training Program in July 2003 because of her race and age. Wal-Mart further admits that the Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., but denies that it violated that statute or any other law. Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the second sentence of the first unnumbered paragraph of the Plaintiff's Complaint, and therefore denies the same. Except as explicitly admitted, the allegations of the first unnumbered paragraph of the Plaintiff's Complaint are denied.

## JURISDICTION

The second unnumbered paragraph of the Plaintiff's Complaint is jurisdictional only and requires no response. In further response, Wal-Mart denies that 29 U.S.C. § 633a is applicable to this action.

## VENUE

Wal-Mart admits that venue is appropriate in the Middle District of Alabama. Except as explicitly admitted, the allegations of the third unnumbered paragraph of the Plaintiff's Complaint are denied. In further response, Wal-Mart denies that 29 U.S.C. § 633a is applicable to this action.

## PARTIES

Wal-Mart admits that it is in possession of personnel records pertaining to the Plaintiff. Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of the fourth unnumbered paragraph of the Plaintiff's Complaint, and therefore denies the same. Except as explicitly admitted, the allegations of the fourth unnumbered paragraph of the Plaintiff's Complaint are denied.

## FACTS

1.  Wal-Mart admits that the Plaintiff was employed at Wal-Mart Store #356 in Auburn, Alabama as an overnight stocker. Except as explicitly admitted, the allegations of Paragraph 1 are denied.

2.  Wal-Mart admits that the Plaintiff filed an EEOC charge against it. Except as explicitly admitted, Wal-Mart denies the allegations of Paragraph 2.

3.  Wal-Mart admits that the Plaintiff applied via Wal-Mart's computerized application process for the Management Training Program ("MTP") in January or February 2003, that the Plaintiff was told that she had not been selected for the MTP, and

that one of those selected for the MTP at this time was a white female younger than the Plaintiff. Wal-Mart lacks knowledge or information sufficient to form a belief as to what EEOC personnel told the Plaintiff, and therefore denies the allegations of the third sentence of Paragraph 3. The allegations of the twelfth sentence of Paragraph 3 are too vague to permit meaningful response and are, therefore, denied. Except as explicitly admitted, Wal-Mart denies the allegations of Paragraph 3.

4.    Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and, therefore, denies the same.

5.    Wal-Mart admits that the Plaintiff applied via Wal-Mart's computerized application process for the MTP in July, 2003, that no one was interviewed or selected for the MTP at that time, and that associates were informed during pre-shift meetings that there were no vacancies in the MTP at that time. Wal-Mart lacks knowledge or information as to what EEOC personnel told the Plaintiff and, therefore, denies the allegations of the second sentence of Paragraph 5. Wal-Mart further lacks knowledge or information as to the truth of the Plaintiff's allegation that she was not notified that her application had been received and, therefore, denies the same. Except as explicitly admitted, Wal-Mart denies the allegation of Paragraph 5.

6.    The allegations of the first sentence of Paragraph 6 are too vague to permit meaningful response and are, therefore, denied. Wal-Mart denies that applications for the MTP were accepted in the Auburn store in October 2003 or that the Plaintiff submitted an application for the MTP in October 2003. Wal-Mart admits that the Plaintiff was informed that she had not been selected for the MTP following her application in January or February 2003. Except as explicitly, Wal-Mart denies the allegations of Paragraph 6.

7.     Wal-Mart denies the allegations of Paragraph 7.

8.     Wal-Mart admits that the Plaintiff took a leave of absence to care for her mother and that she did not return to work at the conclusion of her approved leave. Except as explicitly admitted, Wal-Mart denies the allegations of Paragraph 8.

9.     Wal-Mart admits that EEOC investigators are supposed to be neutral parties. The allegations of the eighth sentence of Paragraph 9 are too vague to permit a meaningful response and are, therefore, denied. Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and, therefore, denies the same.

10.    The allegations of Paragraph 10 are too vague to permit a meaningful response and are, therefore, denied. Wal-Mart is not an agency. In further response, Wal-Mart denies that it discriminated against the Plaintiff on the basis of her race or age and, therefore, denies the allegations of Paragraph 10.

Wal-Mart denies that the Plaintiff is entitled to the relief requested in her prayer for relief or to any other relief. In further defense, Wal-Mart avers:

### FIRST DEFENSE

The Plaintiff's Complaint, in whole or in part, fails to state a claim for which relief may be granted.

### SECOND DEFENSE

The Plaintiff's claims are barred to the extent that she failed to fulfill all requisite administrative conditions precedent to filing suit under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.

4

### THIRD DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### FOURTH DEFENSE

The Plaintiff's claims are barred to the extent that she failed to mitigate her alleged damages, if any.

### FIFTH DEFENSE

All employment decisions made and actions taken by Wal-Mart were made or taken for legitimate, non-discriminatory reasons that were not pretextual.

### SIXTH DEFENSE

Pullman Power's conduct toward the plaintiff was at all times in good faith and not willful.

### SEVENTH DEFENSE

All decisions made and actions taken concerning the plaintiff were based on reasonable factors other than age and race.

### EIGHTH DEFENSE

All decisions made and actions taken toward the plaintiff were taken for good cause.

### NINTH DEFENSE

Assuming, arguendo, that Wal-Mart acted with an unlawful motive, though it did not, it would have taken or made the same actions or decisions with regard to the Plaintiff in the absence of said alleged unlawful motive.

### TENTH DEFENSE

The Plaintiff's claims are barred by the doctrine of estoppel.

### ELEVENTH DEFENSE

The Plaintiff's claims are barred by her "unclean hands."

### TWELFTH DEFENSE

Assuming, arguendo, any unlawful acts occurred, though they did not, the Plaintiff's alleged damages, if any, were caused by the acts of third persons, for whom Wal-Mart is not responsible.

### THIRTEENTH DEFENSE

Assuming arguendo, any unlawful acts occurred, though they did not, the Plaintiff's claim for punitive damages, if any, is barred by Wal-Mart's good faith efforts to comply with Title VII, the Age Discrimination in Employment Act, and other anti-discrimination statutes.

### FOURTEENTH DEFENSE

Assuming, arguendo, any unlawful acts occurred, though they did not, the Plaintiff's claim for punitive damages, if any, is barred because any discriminatory acts were committed by individuals who were not acting in a managerial capacity for Wal-Mart.

### FIFTEENTH DEFENSE

Assuming, arguendo, any unlawful acts occurred, though they did not, Wal-Mart is not liable for punitive damages, if any are sought by the Plaintiff, because it did not authorize or ratify any allegedly discriminatory acts.

### SIXTEENTH DEFENSE

Assuming, arguendo, any unlawful acts occurred, though they did not, the Plaintiff's claim for punitive damages, if any, is barred because Wal-Mart was not reckless in hiring anyone who allegedly committed discriminatory acts.

### SEVENTEENTH DEFENSE

Wal-Mart has at all times been in compliance with all equal employment opportunity laws.

### EIGHTEENTH DEFENSE

Wal-Mart reserves the right to assert any and all defenses available to it under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, or any other statute upon which the Plaintiff seeks to premise her claims.


Jennifer F. Swain


Alan D. Mathis
Attorneys for Defendant
Wal-Mart Stores East, LP

**OF COUNSEL:**

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone: (205) 458-9400

## CERTIFICATE OF SERVICE

I hereby certify the above and foregoing has been served on the Plaintiff, by United States Mail, first-class, postage-prepaid and properly addressed on this, the _14th_ day of December, 2004:

    Wanda Denies Ayers
    1420 Pauline Street
    New Orleans, Louisiana 70117

_____
OF COUNSEL

W0486142.3

8