IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WANDA DENISE AYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| vs. | ) 3.04CV1002-T |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO AMENDED COMPLAINT

Defendant Wal-Mart Stores East, LP ("Wal-Mart"), improperly identified in the Plaintiff's Amended Complaint as Wal-Mart Corporation, answers the Plaintiff's Amended Complaint as follows:

a.  Wal-Mart denies that it violated the statutes and regulations cited in Paragraph (a) or any other laws. Wal-Mart further denies that 29 C.F.R. § 1614.405 is applicable to Wal-Mart.

b.  Wal-Mart denies that 5 C.F.R. 293.106 or 293.107 is applicable to Wal-Mart and denies that it violated or any other law with respect to document destruction.

c.  Wal-Mart denies that any of the individuals named in Paragraph (c) violated the Plaintiff's federal statutory rights or any other law.

d.  Wal-Mart denies the allegations of Paragraph (d).

e.  Wal-Mart denies that any of the individuals named or actions described in Paragraph (e) violated the Plaintiff's statutory rights.

  f.  Wal-Mart admits that the Plaintiff applied for the Management Training Program in January or February 2003, and again in July 2003. Except as explicitly admitted, the allegations of Paragraph (f) are denied.

  g.  Wal-Mart admits that the Plaintiff applied for the Management Training Program in January or February 2003, and again in July 2003. Except as explicitly admitted, the allegations of Paragraph (g) are denied.

  h.  Wal-Mart admits that Christy Fox, a Caucasian female; Mandy Dodd, a Caucasian female; and Marlon McGee, an African-American male, were selected for the Management Training Program and are younger than the Plaintiff. Wal-Mart further admits that Joey McAnally, a Caucasian male; Shane Bowers, a Caucasian male; and Sherita Buford, an African-American female, were selected for the Management Training Program based on applications submitted at times when the Plaintiff did not apply for the Management Training Program, and that they are younger than the Plaintiff. Finally, Wal-Mart admits that Michael Vorhees, a Caucasian male, was an assistant manager at Store # 356. Except as explicitly admitted, the allegations of Paragraph (h) are denied.

  i.  Wal-Mart denies that the Plaintiff is entitled to the relief requested in Paragraph (i) or to any other relief. In further defense, Wal-Mart avers:

## FIRST DEFENSE

The Plaintiff's Complaint, in whole or in part, fails to state a claim for which relief may be granted.

### SECOND DEFENSE

The Plaintiff's claims are barred to the extent that she failed to fulfill all requisite administrative conditions precedent to filing suit under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.

### THIRD DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### FOURTH DEFENSE

The Plaintiff's claims are barred to the extent that she failed to mitigate her alleged damages, if any.

### FIFTH DEFENSE

All employment decisions made and actions taken by Wal-Mart were made or taken for legitimate, non-discriminatory reasons that were not pretextual.

### SIXTH DEFENSE

Pullman Power's conduct toward the plaintiff was at all times in good faith and not willful.

### SEVENTH DEFENSE

All decisions made and actions taken concerning the plaintiff were based on reasonable factors other than age and race.

### EIGHTH DEFENSE

All decisions made and actions taken toward the plaintiff were taken for good cause.

### NINTH DEFENSE

Assuming, arguendo, that Wal-Mart acted with an unlawful motive, though it did not, it would have taken or made the same actions or decisions with regard to the Plaintiff in the absence of said alleged unlawful motive.

### TENTH DEFENSE

The Plaintiff's claims are barred by the doctrine of estoppel.

### ELEVENTH DEFENSE

The Plaintiff's claims are barred by her "unclean hands."

### TWELFTH DEFENSE

Assuming, arguendo, any unlawful acts occurred, though they did not, the Plaintiff's alleged damages, if any, were caused by the acts of third persons, for whom Wal-Mart is not responsible.

### THIRTEENTH DEFENSE

Assuming arguendo, any unlawful acts occurred, though they did not, the Plaintiff's claim for punitive damages, if any, is barred by Wal-Mart's good faith efforts to comply with Title VII, the Age Discrimination in Employment Act, and other anti-discrimination statutes.

### FOURTEENTH DEFENSE

Assuming, arguendo, any unlawful acts occurred, though they did not, the Plaintiff's claim for punitive damages, if any, is barred because any discriminatory acts were committed by individuals who were not acting in a managerial capacity for Wal-Mart.

## FIFTEENTH DEFENSE

Assuming, arguendo, any unlawful acts occurred, though they did not, Wal-Mart is not liable for punitive damages, if any are sought by the Plaintiff, because it did not authorize or ratify any allegedly discriminatory acts.

## SIXTEENTH DEFENSE

Assuming, arguendo, any unlawful acts occurred, though they did not, the Plaintiff's claim for punitive damages, if any, is barred because Wal-Mart was not reckless in hiring anyone who allegedly committed discriminatory acts.

## SEVENTEENTH DEFENSE

Wal-Mart has at all times been in compliance with all equal employment opportunity laws.

## EIGHTEENTH DEFENSE

Wal-Mart reserves the right to assert any and all defenses available to it under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, or any other statute upon which the Plaintiff seeks to premise her claims.

*/s/ Jennifer F. Swain*
Jennifer F. Swain

*/s/ Alan D. Mathis*
Alan D. Mathis
Attorneys for Defendant
Wal-Mart Stores East, LP

OF COUNSEL:

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North

Birmingham, Alabama 35203-2618
Telephone: (205) 458-9400

### CERTIFICATE OF SERVICE

I hereby certify the above and foregoing has been served on the Plaintiff, by United States Mail, first-class, postage-prepaid and properly addressed on this, the 14th day of December, 2004:

Wanda Denies Ayers
1420 Pauline Street
New Orleans, Louisiana 70117

_____
OF COUNSEL

W0486140.3