IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WANDA DENISE AYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:04cv1002-T |
| | ) | |
| WAL-MART CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Based upon the court's review of the complaint and answer in this lawsuit, and based upon counsel's and the plaintiff's representations to the court at the scheduling conference conducted on 25 January 2005, it is ORDERED as follows:

1. On or before 25 February 2005, the plaintiff shall file an itemization of her backpay entitlement as of that date, including her alleged wage loss, interim earnings and any other interim monetary benefits that are required by law to be set off against her equitable backpay claim. The plaintiff shall further summarize her efforts to secure employment, if applicable.

2. For purposes of preparing the backpay statement, the defendant shall cooperate with the plaintiff and provide  - if necessary, outside of formal discovery -  facts and figures related to the plaintiff's actual pay, work schedule (hours, days, etc.), termination dates, benefits, entitlements, and other matters.

3. The backpay statements shall not consider compensatory or punitive damages,

and the statement shall conclude in a definite monetary figure which shall constitute the plaintiff's backpay claim as of the date of filing.

4.     The plaintiff shall further set forth the first date upon which she was "able" to return to work at Wal-Mart's store 356.  The plaintiff shall interpret "able" to mean the first date that she determined that the purpose of her leave of absence, namely the care of her mother, no longer applied.

DONE this 26th day of January, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE