IN THE UNITED STATES DISTICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2005 MAR -3  A 8: 55

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| WANDA DENISE AYERS,  ) | |
| ) | |
| Plaintiff,  ) | |
| vs.  ) | CIVIL ACION NO. |
| ) | 3:04cv1002-T |
| WAL-MART STORES EAST, LP ) | |
| ) | |
| Defendant.  ) | |
| ) | |

## OPPOSITION TO NOTICE OF UNABAILABILITY
## OF STOCKER POSITIONS

Plaintiff will identify (WA1-MART CORPORATON) as so preferred as stated in the Answer to Amended Complaint as Wal-Mart Stores East, LP.

1. Plaintiff's employment with Wal-Mar has not been officially terminated as of February 25, 2005.

    **Opposition:**

    **Statement is confusing and is not clear either Plaintiff employment has not been terminated or plaintiff has been terminated.**

2. Plaintiff's job at Store # 356 in Auburn, Alabama is still open and Plaintiff is on the payroll as "inactive."

    **Opposition:**

    **Statement is confusing and is not clear either Plaintiff position is still open and is listed on the payroll or SHE IS not as stated.**

3. Although Plaintiff's termination is not yet official, she is not free to return to her position as an overnight stocker. 'Plaintiff requested and was granted a leave of absence beginning April 1, 2004. Plaintiff was to return to her position as an overnight stocker on August 1, 2004. Plaintiff has neither returned to work nor has she requested an extension of her leave of absence.

**Opposition:**

**If this is in deed a fact and a true statement and Plaintiff did that speak to anyone by phone conversation she would have been terminated on the date of leave return as stated on the leave request.**

On October 8, 2004, Wal-Mart sent Plaintiff a letter stating that if she did not return or respond with three days, her employment would be terminated.

**Opposition:**

**If this is in fact a true statement that Wal-Mart sent Plaintiff a letter stating that if she did not return or respond. She would have been terminated on that date as stated in the letter.**

Plaintiff, however, had not informed Wal-Mart that her permanent address had changed, so the letter was retuned to Wal-Mart as undeliverable, so the letter was returned to Wal-Mart as undeliverable.

**Opposition:**

**Plaintiff in fact informed Wal-Mart of her current living arrangement and the address where she could be reached as well as a phone number.**

**Plaintiff do not have a permanent resident due to the fact that she was forced to give up her permanent resident by the lose of income, cut hours, and harsh retaliation.**

**If in fact the letter was returned to Wal-Mart as undeliverable it should be sent to the courts with the date mailed stamped on the envelope along with the statement on that envelope "UNDELIVERABLE".**

**Wal-Mart Stores East, LP are <u>represented</u> by:**

**Johnston Barton Proctor & Powell LLP**

**Attorneys for Defendant**
**Jennifer F. Swain**
**Alan D. Mathis**

Attorneys for the Defendant <u>Jennifer F. Swain</u> and <u>Alan D. Mathis</u> are fully aware of Plaintiff current resident and have not fail to contact the Plaintiff with any Respond from Wal-Mart Stores East, LP, Store # 356 in 'Auburn, Alabama.

Wal-Mart is now aware that Plaintiff resides in New Orleans, Louisiana. Given that Plaintiff is now almost six months overdue in returning from her leave of absence and lives in another state, Wal-Mart will terminate Plaintiff's employment for job abandonment, in conformity with its written policy.

**Opposition:**

It is true and a fact that Wal-Mart had my current address not only by the <u>Representation of</u>:

Johnston Barton Proctor & Powell LLP

Attorneys for Defendant
Jennifer F. Swain
Alan D. Mathis

Attorneys for Defendant Jennifer F. Swain and Alan D. Mathis are fully aware of Plaintiff current resident and have not fail to contact the Plaintiff with any Respond from Wal-Mart Stores East, LP.

The Plaintiff after being hanged up on or no one would respond to her calls, she finally spoke to the Store Manger Shannon and gave her the address, which she mailed the Plaintiff this check, a copy of the check is enclosed. This information was related to her at the first week of August and the letter is dated August 11, 2004.

4. Plaintiff is not free to return to her position as an overnight stocker and is therefore not eligible to apply to Wal-Mart's Management Training Program.

**Opposition:**

Plaintiff was not given any reason why she was not selected for the three applications that she have submitted other then the stated facts that all the applicants were under age 45 and about 93% of all applications are Caucasian showing total discrimination under Title VII of the Civil Rights Act of 1964 (Title VII) and The Age Discrimination in Employment Act (ADEA).


Plaintiff OPPOSITION

*Wanda D. Ayers* (signature)
Wanda D. Ayers
1420 PAULINE STREET
NEW ORLEANS, LOUISIANA 70117
(504) 945-8781

## **CERTIFICATE OF SERVICE**

I hereby certify that United States Mail, has served the above and foregoing via first-class, postage, the 27 day of February 2005:

Vanzetta Penn Mepherson
United States Magistrate Judge
The United District Court
Middle District of Alabama Eastern Division

Jennifer F. Swain
Alan D. Mathis
JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

*Wanda D. Ayers*
Wanda D. Ayers
1420 Pauline Street
New Orleans, Louisiana 70117