RECEIVED

# IN THE UNITED STATES DISTICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

2005 MAR -3 A 8: 55

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| **WANDA DENISE AYERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **CIVIL ACION NO.** |
| | ) | **3:04cv1002-T** |
| **WAL-MART STORES EAST, LP** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### Amended to Itemization of Back-Pay

Plaintiff will identify ('Wal-Mart') as so preferred as stated in the Answer to Amended Complaint as Wal-Mart Stores East, LP.

As ordered by the courts on 25 January 2005, to file itemization of back-pay entitlement:

Attached is a copy of the addressed envelope and last check received from Wal-Mart regarding my pay.

The date of doctor's and hospital stay regarding my mother illness and condition;

Date of care are as following:

> 12/08/03
> 2/10/04
> 3/19/04
> 4/02/04
> These are all the dates where treatment from current illness and hospital
> stay where given.
> 8/06/04
> 10/28/04
> 12/28/04
> Referring Physician Dr. Deichman
> Phone # (504) 897-4250

Page 1

# CERTIFICATE OF SERVICE

I hereby certify that United States Mail, has served the above and foregoing via first-class, postage, the 27 day of February 2005:

Vanzetta Penn Mepherson
United States Magistrate Judge
The United District Court
Middle District of Alabama Eastern Division

Jennifer F. Swain
Alan D. Mathis
JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

**Peoples Health Network**

Phones (504) 461-9800 or (800) 631-8443

# NOTIFICATION
## REQUEST FORM



This form is intended for the purpose of determining the correct level of benefits to insure correct co-pays and proper reimbursement to the provider.

### ALL NOTIFICATION FORMS MUST BE FAXED TO (504) 461-4101.

## This form is to be used for level 1 Consult and Treatment
## PCP-IPA Coordinated Care

**Date:** 2/10/04

**Member ID #:** _____

**Name:** Ayers Jugtina   **IPA:** _____

### *F R O M*

**PCP/Referring Physician:** Dr. Denham

**Office Contact:** N.K.   **Phone#:** 897420   **Fax#:** _____

### *T O*

**Physician Referred to**
**(provide full name):** ollw Abbott   897 5544

**Specialty:** _____   **IPA:** _____

**Diagnosis:** knee pain   **ICD9 Code:** 129.3
weakness

**Provider Signature:** _____

## NOTIFICATIONS

**Notifications** are required for the following services, within IPA:

1.   PCP to Specialist
2.   Specialist to Sub-Specialist (Within Same Specialty)

**DISCLAIMER:** This certification is based upon medical necessity and eligibility and is not a guarantee of payment. Eligibility and benefits will be determined when the claim has been submitted. Please contact MEMBER SERVICES for eligibility and benefits at (504) 461-4161.

This facsimile is privileged and confidential. It is transmitted for the exclusive use of the addressee.

Sheet 1 - White (Provider Copy)
Sheet 2 - Yellow (Member Copy)

# CONSENT FOR TREATMENT



0000

## 1.     Consent to Medical and Surgical Procedures

I, the patient identified below or the patient's legally authorized representative, consent to the procedures which may be performed during this hospitalization or on an outpatient basis, including emergency treatment or services, and which may include, but are not limited to, laboratory procedures, including testing of blood or other bodily fluid to determine the presence of any communicable disease such as, to the extent allowed by law, Hepatitis and Human Immunodeficiency Virus (the causative agent of AIDS), x-ray examination, medical and surgical treatment or procedures, anesthesia, or hospital services rendered for the patient under the general and special instructions of my/the patient's physician or surgeon. I further consent to my/the patient's physician or surgeon or his/her designees including other practitioners and hospital personnel, which may include health care professionals in training, performing or administering all tests, services or treatments indicated as previously described.

## 2.     Consent to Photograph

I permit the hospital to photograph as a part of the documentation of my/the patient's medical/surgical condition. These photographs will be maintained as part of my/the patient's permanent medical record. I understand and acknowledge that the hospital is permitted to use cameras to monitor all patients.

## 3.     Nursing Care

I understand and acknowledge that this hospital will provide nursing care to meet my/the patient's needs in accordance with accepted standards of nursing practices. If I/the patient desire sitter services or the services of a private duty nurse to provide personal care needs, I understand that such retention of such services is my responsibility and I agree to notify the hospital if I intend to arrange for additional or private duty nursing. I also understand and acknowledge that the hospital may use cameras or other devices for patient monitoring.

**The undersigned certifies that I have read the foregoing, received a copy thereof, and I am the patient, the patient's legal representative, or I am duly authorized by the patient as the patient's general agent to execute the above and accept its terms.**

_____      _____
Date                          Patient/Patient's Authorized Signature

_____      _____      _____
If other than patient, indicate relationship     Witness                    Witness

---

## CONSENT FOR TREATMENT

Patient Identification

TCE0000E2 (Rev. 12/02)

**PATIENT**



**Memorial**
**Medical Center**
Tenet HealthSystem


*93266MMC*

# RELEASE OF PATIENT INFORMATION FOR ADMISSION

Dates of Service to be released are only of this admission.

I understand that the entities listed below are part of an integrated health care delivery system involved in my patient care. I understand that the information documented must be available to those involved in my care. Access to my medical record information within the organization is restricted and only available on a Need-to-Know basis.

I understand that each of the entities listed below maintain medical records and other information pertaining to the patient's health care and payment for such care in electronic and other forms. I authorize each of the health care providers listed below to maintain some or all of such information and records of patient's health care in an electronic data repository that may be accessed by each health care provider of the entities listed below, for purposes of:

(1) providing health care to the patient or coordinating such care with another of the health care providers listed below;
(2) billing or filing claims or performing other function, such as release of information, necessary to obtain reimbursement for care delivered to the patient;
(3) conducting scientific or statistical research, management or financial audits or administering, auditing, or monitoring a computer system or network on which information concerning me is maintained or communicated;
(4) conducting activities for the purpose of assuring or improving patient care. However, I understand that the patient will not be identified in any report of such research, audit, evaluation or quality activity released other than to entity listed below that provides health care to the patient.

**Doctors Hospital of Jefferson**          **Memorial Mercy Campus**
**NorthShore Regional Medical Center**     **NorthShore Psychiatric Hospital**
**Kenner Regional Medical Center**         **Memorial Baptist Campus**
**Meadowcrest Hospital**                   **St. Charles General Hospital**

In accordance with state and federal statutes and regulations, this authorization authorizes the release of the patient's complete health records, including any and all information and records in the possession of this and other health care providers listed above pertaining to:
1.  Diagnosis, prognosis, treatment and/or education related to drug and/or alcohol abuse;
2.  Communicable and/or sexually transmitted disease, including Acquired Immunodeficiency Syndrome (AIDS) and results of tests for Human Immunodeficiency Virus (HIV) or HTLV-III antibody, antigen or nonantigenic products;
3.  Psychiatric and other mental health services, diagnosis, prognosis, and/or treatment, whether rendered prior to this authorization or hereafter; and
4.  Genetic information and test results.
I have read and understand this authorization. I understand that I have the right to inspect any written information to be disclosed and the right to revoke this authorization at any time by giving signed written notice [that is witnessed if it applies to information concerning mental health or psychiatric services] to the entities listed above, except to the extent that action has been taken in reliance on this authorization. I understand that I have the right to receive a copy of this authorization. A copy of this authorization shall be deemed an original.

X _Josephine S. Myers_                                      _8/17/03_
Signature of Patient or Legally Authorized Representative                    Date

_____          _____
Relationship of Legally Authorized Representative to Patient                  Date

_Clark_
Witness (may be required for release of mental health information)            Date

_____          _____
Physician / Psychologist / Social Worker / Staff Person (may be required for release of mental health information)    Date

FORM NO.93266MMC (8500) 5/01    _Josephine S. Myers_

**5.    Medicare Patient's Assignment of Benefits and Release of Information**

I certify that the information given by me in applying for payment under Title XVIII of the Social Security Act is correct. I authorize release of any information needed to act on this request. I request that payment of authorized benefits be made on my behalf. I assign payment for unpaid charges of the hospital and physician(s) for whom the hospital is authorized to bill in connection with its services. I understand I am responsible for any remaining balance not covered by Medicare or other insurance.

**6.    Legal Relationship Between Hospital and Physician**

All physicians and surgeons furnishing services to the patient, including the Emergency Department physicians, radiologists, pathologists, anesthesiologists and the like, are independent contractors with the patient and are not employees or agents of the hospital. The patient is under the care and supervision of his/her attending physician and it is the responsibility of the hospital and its nursing staff to carry out the instructions of such physician. It is the responsibility of the patient's physician or surgeon to obtain the patient's informed consent, when required, to medical or surgical treatment, special diagnostic or therapeutic procedures, or hospital services rendered for the patient under the general and special instructions of the physician.

**7.    Authorization to Appeal**

I hereby authorize the hospital to appeal on my behalf my claim(s) with _____ , if applicable, and/or any payor which denies and/or delays payment of my claim(s). I further authorize that the payors, listed herein and any other payors, release any and all information requested and/or related to my claim(s) to the hospital and/or its attorneys. Unless prohibited by applicable law or regulation, this authorization is irrevocable upon execution by me hereinbelow and any appeal brought by the hospital shall be as if it was brought by me personally.

**8.    Personal Valuables**

It is understood and agreed that the hospital maintains a safe for the safekeeping of money and valuables, and the hospital shall not be liable for the loss or damage to any money, jewelry, documents, fur garments, dentures, eye glasses, hearing aids, prosthetics or other articles of unusual value and small size, unless placed in the safe, and shall not be liable for loss or damage to any other personal property, unless deposited with the hospital for safekeeping. The maximum liability of the hospital for loss of any personal property which is deposited with the hospital for safekeeping is limited to five hundred dollars ($500.00) unless a written report for a greater amount has been obtained from the hospital by the patient.

**9.    I have Received the Additional Facility Specific Addendum:**

_____ Patient Rights and Responsibilities;
_____ Important Message from Champus;
_____ Important Message from Medicare;
_____ Authorization to Disclose
_____ Other Specific Items as listed here: _____
_____
_____
_____
_____ Information regarding Advance Directives
        _____ Not Applicable
        _____ Patient has executed Advance Directives: _____ Yes _____ No   Did you bring a copy? _____ Yes _____ No
        If no, whom to contact to receive a copy? _____

**10.    Financial Responsibility Agreement by Person Other than the Patient or the Patient's Legal Representative**

I agree to accept financial responsibility for services rendered to the patient and to accept the terms of the Financial Agreement (Paragraph 1) and Assignment of Benefits to Hospital and Hospital-Based Physicians (Paragraph 2) set forth above.

_____    _____    _____
Date                       Financially Responsible Party        Witness

The undersigned certifies that he/she has read and verbalized/demonstrated understanding of the foregoing, received a copy thereof, and is the patient, the patient's legal representative or is duly authorized by the patient as the patient's general agent to execute the above and accept its terms.

_____    _____    _____
Date                       Patient/Parent/Guardian/Conservator/Responsible Party - The above conditions of services have been explained to me and I understand.

_____    _____    _____
If other than patient, indicate relationship    Witness                        Witness

**A COPY OF THIS DOCUMENT IS TO BE DELIVERED TO THE PATIENT AND ANY OTHER PERSON WHO SIGNS THIS DOCUMENT**

# CONDITIONS OF SERVICES

# CONDITIONS OF SERVICES



1240

**1.    Financial Responsibility**

In consideration of services rendered or to be rendered to patient, the undersigned, whether he/she is the patient, patient's relative, patient's legal guardian, representative, agent, other individual or entity, hereby obligates himself/herself individually, to the hospital, physicians, surgeons, emergency department physicians, radiologists, pathologists, anesthesiologists, and consultants involved in the patient's care and agrees to pay for any and all charges and expenses incurred or to be incurred. It is agreed and understood that regardless of any and all assigned benefits/monies, I, as the designated responsible party, am responsible for the total charges for services rendered, and I further agree that all amounts are due upon request and are payable to the hospital, and the appropriate physicians, surgeons, emergency department physicians, radiologists, pathologists, anesthesiologists and consultants involved in patient's care and agree to pay for any and all charges and expenses incurred or to be incurred. It is further agreed and understood that should this account become delinquent and it becomes necessary for the account to be referred to an attorney or collection agency for collection or suit, I, as the designated responsible party or entity, shall pay all patient charges, reasonable attorney's fees and collection expenses. I agree that if this account results in a credit balance, the credit amount will be applied to any outstanding accounts, either current or bad debt. All delinquent accounts may be charged interest at the maximum rate allowed by law.

**2.    Assignment of Benefits to Hospital and Hospital-Based Physician**

In consideration of services rendered or to be rendered, I hereby irrevocably assign and transfer to the hospital, and hospital-based physicians (e.g., radiologists, pathologists, anesthesiologists, emergency department physicians) all rights, title and interest in all benefits/monies payable for services/supplies rendered, including but not limited to group medical/indemnity/self-insured/ERISA benefits/coverage, PIP, UIM/UM, auto/homeowner insurance, and in all causes of action against any party or entity that may be responsible for payment of benefits/monies regardless of whether or not I ultimately settle my claim with a non-admission of liability provision. I fully understand that in the event the hospital and/or hospital-based physicians files a claim on my behalf that the same does not impose any contractual obligation or otherwise upon the hospital and/or hospital-based physicians, and that, notwithstanding the irrevocable nature of this Assignment of Cause of Action and Benefits. I remain fully responsible for instituting, and am expressly authorized by the hospital and hospital-based physicians to institute, suit within the applicable statutes of limitations. I authorize the hospital and/or hospital-based physicians to appeal any denial under my appeal rights provision. It is hereby agreed and understood that any condition precedent, subsequent or otherwise, including, but not limited to, precertification, preauthorization, or second opinions shall remain the sole responsibility of patient and/or the patient's family, legal guardian, representative or agent. I further understand that failure to pre-certify could result in reduced payments from patient's insurance company, leaving the undersigned financially responsible for the non-reimbursed portion of patient's bill. It is further agreed and understood that the obtaining of verification of benefits and/or precertification does not in any form or fashion relieve the patient or the patient's family, other individual or entity signing on behalf of patient, of any liability for the financial responsibility for goods and services provided or to be provided to patient by the hospital and/or hospital-based physicians and any other associated physician. I fully understand and agree that hospital and/or hospital-based physicians shall be entitled to full payment where a third-party accident is involved notwithstanding any benefits payable by a managed care payor on my behalf as third-party bears primary responsibility.

**3.    Assignment of Cause of Action and Benefits**

I, for good and valuable consideration receipt of which is hereby acknowledged, irrevocably assign and transfer, to the hospital, any and all claims, demands, suits, remedies, guarantees, liens and/or causes of action, at law or in equity, either in contract or in tort, statutory or otherwise, to the extent permitted by law, as well as any other claim, in whole or in part, which I may now have or may hereafter hold or possess, known or unknown, on account of, growing out of, relating to or concerning, whether directly or indirectly, proximately or remotely, any acts, omissions, events, transactions or occurrences that have occurred or failed to occur, which resulted in my injuries for which the hospital has provided and/or will provide medical goods and services to me. This Assignment of Cause of Action and Benefits shall be effective against any and all parties or entities that may bear or appear to bear liability for my injuries, including but not limited to, my employer, its direct and indirect subsidiaries, all of its officers, directors, agents, servants, successors, assigns and employees. I further assign and transfer to the hospital, any and all rights (including appeal rights), title and interest in any and all benefits, monies or other form of compensation paid or to be paid on my behalf as a result of this injury/illness. I fully understand that, notwithstanding the irrevocable nature of this Assignment of Cause of Action and Benefits, I remain solely responsible for instituting, and am expressly authorized by the hospital to institute, suit within the applicable statutes of limitations, and that the hospital is not in any form or fashion responsible for instituting suit on my behalf. I understand and agree that this Assignment does not relieve me of my liability or responsibility for any and all charges incurred as a result of medical goods and services provided to me by the hospital.

**4.    Release of Information/Medical Records**

I hereby consent and authorize the hospital and any practitioner, whether agent or independent contractor of hospital, providing medical goods and services to the patient to release information contained in any financial records and/or medical records, including diagnosis and treatment at the hospital or by any practitioner providing medical goods and services to the patient, including, but not limited to, information concerning communicable diseases such as Human Immunodeficiency Virus (HIV), and Acquired Immune Deficiency Syndrome (AIDS), drug/alcohol abuse, mental health/mental retardation and treatment records and/or laboratory tests results, medical history, treatment progress, and/or any other such related information to: (1) Insurance Company, self-funded or health plan, its agents, representatives, attorneys or independent contractors; (2) Medicare; (3) Medicaid; (4) any other person or entity that may be responsible for paying or processing for payment any portion of my hospital bill; (5) to any person or entity affiliated with or representing the hospital and any practitioner providing medical goods and services to patient for the purpose of administration, billing and quality and risk management; or (6) to any other hospital, nursing home, or other health care institution in which the patient is provided treatment; (7) accrediting, regulating and state agencies. This consent and authorization applies to financial and/or medical records created in the course of and relating to this, or subsequent related, hospitalization. I understand that this information may be required to be released in order to obtain payment for my medical expenses incurred for treatment at the hospital and by any practitioner providing medical goods and services to patient. I also authorize the release of medical information to organ transplantation services should the patient be identified as a potential organ donor. The consent to release medical information is subject to revocation in writing any time, except to the extent that action has been taken. I further understand that unless I otherwise instruct the hospital, in writing, the hospital may release directory information pertaining to me without my consent.

TCE1240E2  (Rev. 11/02)                                                **PATIENT**

# Memorial
## Medical Center

O00MMC

# YOUR RIGHTS AS A HOSPITAL PATIENT

- You have the right to receive necessary hospital services covered by Medicare, or covered by your Medicare Health Plan ("your Plan") if you are a Plan enrollee.

- You have the right to know about any decisions that the hospital, your doctor, your Plan, or anyone else makes about your hospital stay and who will pay for it.

- Your doctor, your Plan, or the hospital should arrange for services you will need after you leave the hospital. Medicare or your Plan may cover some care in your home (home health care) and other kinds of care, if ordered by your doctor or by your Plan. You have a right to know about these services, who will pay for them, and where you can get them. If you have any questions, talk to your doctor or Plan, or talk to other hospital personnel.

# YOUR HOSPITAL DISCHARGE & MEDICARE APPEAL RIGHTS

**Date of Discharge**: When your doctor or Plan determines that you can be discharged from the hospital, you will be advised of your planned date of discharge. You may appeal if you think that you are being asked to leave the hospital too soon. If you stay in the hospital after your planned date of discharge, it is likely that your charges for additional days in the hospital will not be covered by Medicare or your Plan.

**Your Right to an Immediate Appeal without Financial Risk:** When you are advised of your planned date of discharge, if you think you are being asked to leave the hospital too soon, you have the right to appeal to your Quality Improvement Organization (also known as a QIO). The QIO is authorized by Medicare to provide a second opinion about your readiness to leave. You may call Medicare toll-free, 24 hours a day, at 1-800-MEDICARE (1-800-633-4227), or TTY/TTD: 1-877-486-2048, for more information on asking your QIO for a second opinion. If you appeal to the QIO by noon of the day after you receive a noncoverage notice, you are not responsible for paying for the days you stay in the hospital during the QIO review, even if the QIO disagrees with you. The QIO will decide within one day after it receives the necessary information.

**Other Appeal Rights:** If you miss the deadline for filing an immediate appeal, you may still request a review by the QIO (or by your Plan, if you are a Plan enrollee) before you leave the hospital. However, you will have to pay for the costs of your additional days in the hospital if the QIO (or your Plan) denies your appeal. You may file for this review at the address or telephone number of the QIO (or of your Plan).

## ACKNOWLEDGEMENT OF RECEIPT

My signature only acknowledges my receipt of this Message from Memorial Medical Center on  (date) _3/19/x/_ and does not waive any of my rights to request a review or make me liable for any payment.

X _____     _3/19/x/_

Signature of beneficiary or person acting on behalf of beneficiary            Date of Receipt

**IMPORTANT MESSAGE FROM MEDICARE**

7395710

MR# 000375082   03/19/2004   DOB: 08/23/1930
AYERS, JOSEPHINE G
CRUZ CARLOS A   RT 50   5 73



# Memorial
## Medical Center



TCE0000E2

**1.     Consent to Medical and Surgical Procedures**

I, the patient identified below or the patient's legally authorized representative, consent to the procedures which may be performed during this hospitalization or on an outpatient basis, including emergency treatment or services, and which may include, but are not limited to, laboratory procedures, including testing of blood or other bodily fluid to determine the presence of any communicable disease such as, to the extent allowed by law, Hepatitis and Human Immunodeficiency Virus (the causative agent of AIDS), x-ray examination, medical and surgical treatment or procedures, anesthesia, or hospital services rendered for the patient under the general and special instructions of my/the patient's physician or surgeon. I further consent to my/the patient's physician or surgeon or his/her designees including other practitioners and hospital personnel, which may include health care professionals in training, performing or administering all tests, services or treatments indicated as previously described.

**2.     Consent to Photograph**

I permit the hospital to photograph as a part of the documentation of my/the patient's medical/surgical condition. These photographs will be maintained as part of my/the patient's permanent medical record. I understand and acknowledge that the hospital is permitted to use cameras to monitor all patients.

**3.     Nursing Care**

I understand and acknowledge that this hospital will provide nursing care to meet my/the patient's needs in accordance with accepted standards of nursing practices. If I/the patient desire sitter services or the services of a private duty nurse to provide personal care needs, I understand that such retention of such services is my responsibility and I agree to notify the hospital if I intend to arrange for additional or private duty nursing. I also understand and acknowledge that the hospital may use cameras or other devices for patient monitoring.

**The undersigned certifies that I have read the foregoing, received a copy thereof, and I am the patient, the patient's legal representative, or I am duly authorized by the patient as the patient's general agent to execute the above and accept its terms.**

_3/19/04_
Date

_Josephine Ser_
Patient/Patient's Authorized Signature

_DSN_
Witness

_____
If other than patient, indicate relationship

_____
Witness

**CONSENT FOR TREATMENT**

7395710

MR# 000375082   03/19/2004   DOB: 08/23/1930
AYERS, JOSEPHINE G



# Memorial
### Medical Center



0000

## NOTICE REGARDING FACILITY DIRECTORY

**Dear Patient/Patient's Personal Representative:**

We maintain a list of information on our patients. This list is referred to in our *Notice of Privacy Practices* (NPP) as the Directory of Individuals. This Directory includes a patient's name, location in the hospital, general condition and religious affiliation. However, a patient's religious affiliation will only be disclosed to clergy.

We may use this information in the following ways:

**The Patient Information Desk** - uses the Directory to forward calls from friends or loved ones to a patient. They may use it to accept flowers or balloons sent to the patient. They use it to direct visitors to a patient's room.

**The Security Department** - uses the Directory to know at all times who is in the hospital, so they can prepare for any emergency and account for all patients.

**Telephone Operators** - use the Directory to forward calls to patients.

**Clergy** - use the Directory to make visits to patients and their families.

Every patient has a right to ask that their name, location in the hospital, general condition and/or religious affiliation be omitted from the Directory.

If you wish to be removed from this list, complete the Directory Opt Out form below.

---

## DIRECTORY OPT OUT FORM

Every patient has a right to ask that their name, location in the hospital, general condition or religious affiliation be omitted from the Directory. If you wish to remove all or part of your information from the Directory, please check those items that you do not want included:

- ☐ Name - If you select this box, we will not be able to share <u>any</u> information about you with anyone   who asks for you by name, including family or friends. We will have to state that we can not confirm or deny that you are a patient. If you select this box, no additional selections are required.

- ☐ Location - If you select this box, you cannot receive flowers, mail, phone messages, etc.

- ☐ General Health Condition - If you select this box, we cannot share information about your general condition with anyone who asks for you by name, including family or friends.

- ☐ Religious Affiliation - If you select this box, we cannot share information about you with clergy.

The undersigned certifies that he/she has read the foregoing, received a copy of the Notice of Privacy Practices (NPP), and is the patient, or the patient's personal representative.

| 3/19/04 | | X _Josephine Ayers_ |
|---|---|---|
| Date | Time | Signature of Patient or Patient's Personal Representative |

| | |
|---|---|
| Relationship of Personal Representative to Patient (if applicable) | Print Name of Patient or Patient's Personal Representative |

## DIRECTORY OPT OUT FORM

Acct# 7395710 MR# 000375082
AYERS, JOSEPHINE G
DOB: 08/23/1930 73 F
CRUZ, CARLOS A 03/19/2004



# Memorial
## Medical Center



93119MMC

You have the right to receive, within the capabilities of this hospital's staff and facilities, the following:

- an appropriate medical screening examination to determine whether you are suffering from an emergency medical condition

- necessary stabilizing treatment of the condition (including treatment of an unborn child)

- and, if necessary, an appropriate transfer to another facility to treat the emergency medical condition

These medical services will be provided to you even if you cannot pay or do not have medical insurance or you are not entitled to Medicare or Medicaid program.

This hospital DOES participate in the state Medicaid program.

Signature: _Josephine Ayers_   Date: _3/19/04_

Witness: _D Silено_   Date: _3/19/04_

**EMERGENCY DEPARTMENT
EXAMINATION AND TREATMENT FOR
EMERGENCY MEDICAL CONDITIONS
AND WOMEN IN LABOR**



7395710

MR# 000375082  03/19/2004  DOB: 08/23/1930
AYERS, JOSEPHINE G

# Memorial
## Medical Center



TS1089E

**A Notice of Privacy Practices (NPP)** is provided to all patients. This Notice of Privacy Practices identifies: 1) how medical information about you may be used or disclosed; 2) your rights to access your medical information, amend your medical information, request an accounting of disclosures of your medical information, and request additional restrictions on our uses and disclosures of that information; 3) your rights to complain if you believe your privacy rights have been violated; and 4) our responsibilities for maintaining the privacy of your medical information.

*The undersigned certifies that he/she has read the foregoing, received a copy of the Notice of Privacy Practices and is the patient, or the patient's personal representative.*

_____
Name of Patient

_____3,___19___/___04_____
Date Signed

_____
Name of Patient's Personal Representative

_____/_____/_____
Date Signed

_____
Signature of Patient

_____
Signature of Patient's Personal Representative

**FOR INTERNAL USE ONLY**

_____
Name of Employee

_____
Signature of Employee

If applicable, reason patient's written acknowledgement could not be obtained

☐ Patient was unable to sign.
☐ Patient refused to sign
☐ Other

_____

Notice Version: <u>2.0</u>

Notice Dated: <u>December 8, 2003</u>

## NOTICE OF PRIVACY PRACTICES (NPP)
## ACKNOWLEDGEMENT



Acct# 7395710 MR# 000375082
AYERS, JOSEPHINE G
DOB: 08/23/1930 73 F
CRUZ, CARLOS A 03/19/2004

**10. Assignment of Insurance or Health Plan Benefits to Hospital-Based Physicians**

The undersigned authorizes, whether he/she signs as agent or as patient, direct payment to any hospital-based physician of any insurance or health plan benefits otherwise payable to or on behalf of the patient for professional services rendered during this hospitalization or for outpatient services, including emergency services if rendered, at a rate not to exceed such physician's regular charges. It is agreed that payment to such physician pursuant to this authorization by an insurance company or health plan shall discharge said insurance company or health plan of any and all obligations under the policy to the extent of such payment. It is understood that he/she is financially responsible for charges not covered by this assignment.

**11. Medicare Patient's Release of Information**

I certify that the information given by me in applying for payment under Title XVIII of the Social Security Act is correct. I authorize release of any information needed to act on this request. I request that payment of authorized benefits be made in my behalf. I assign payment for the unpaid charges of the physician(s) for whom the hospital is authorized to bill in connection with its services. I understand I am responsible for any remaining balance not covered by other insurance.

**12. I Have Received the Additional Facility Specific Addendums:**

| | |
|---|---|
| __/__ Patient Rights and Responsibilities | ____ Texas Disclosure Form |
| ____ Important Message from Champus | ____ Florida Hospital Rates Disclosure, if desired. |
| ____ Important Message from Medicare | ____ Other Specific Items as listed here: _____ |
| ____ Information regarding Advance Directives | _____ |
| ____ Not Applicable | _____ |
| ____ Patient has executed Advance Directives - Copy obtained ❏ Yes ❏ No | |

**13. Release of Information**

The hospital will obtain the patient's consent and authorization to release medical information, other than basic information, concerning the patient, except in those circumstances when the hospital is permitted or required by law to release information.

The undersigned has consented to the release of medical information to entities that provide care in post-acute settings

In accordance with the Safe Medical Device Act of 1990, the undersigned agrees that in the event a permanent medical device is implanted, the hospital is hereby authorized to notify the manufacturer of patient's name, address, telephone number, and social security number (if available) as well as other information about the implantation.

Would you like a copy of your record sent to your family physician or physician of referral at time of discharge? ❏ Yes ❏ No  Initial_____

The hospital is authorized, without further action by or on behalf of the patient, to disclose all or any part of the patient's record to any entity which is or may be liable to the hospital, patient or any entity affiliated with patient for all or part of the hospital's or hospital-based physicians' charges for the patient's services (including, without limitation, hospital or medical service companies, insurance companies, workers' compensation carriers, welfare funds, patient's employer, or medical utilization review organization designated by of the foregoing.)

**14. Financial Responsibility Agreement by Person Other than the Patient or the Patient's Legal Representative**

I agree to accept financial responsibility for services rendered to the patient and to accept the terms of the Financial Obligations (Paragraph 8) and Assignment of Insurance or Health Plan Benefits (Paragraph 9 and 10) set forth above.

_____     _____     _____
Date                                        Financially Responsible Party                    Witness

Translator: I have accurately and completely read the foregoing document to _____ (name of patient/person legally authorized to give consent) in _____. the patient's or patients representative's primary language. He/she understood all the terms and conditions and acknowledged his/her agreement thereto by signing this document in my presence.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**The undersigned certifies that he/she has read the foregoing, received a copy thereof, and is the patient, the patient's legal representative, or is duly authorized by the patient as the patient's general agent to execute the above and accept its terms.**

_____     _____     _____
Date/Time                                 Patient/Parent/Guardian/Conservator/Responsible Party          Translator

_____     _____     _____
If other than patient, indicate relationship                    Witness                                      Witness

**A COPY OF THIS DOCUMENT IS TO BE DELIVERED TO THE PATIENT AND ANY OTHER PERSON WHO SIGNS THIS DOCUMENT**

**TENET** **CONDITIONS OF SERVICES**

TS1240E (3/00)

```
07540710                   -
AYERS, JOSEPHINE G          F   OP
MR# 000375082        MO         60
      09/23/30 73Y     04/02/04
RUSSO, COURTNEY L
```

## Conditions of Services at

**MEMORIAL MEDICAL CENTER**
301 N. JEFFERSON DAVIS PARKWAY
NEW ORLEANS, LA 70119

### 1. Consent to Medical and Surgical Procedures

The patient identified above consents to the procedures which may be performed during this hospitalization or on an outpatient basis, including emergency treatment or services, and which may include but are not limited to laboratory procedures, x-ray examination, medical and surgical treatment or procedures, anesthesia, or hospital services rendered for the patient under the general and special instructions of the patient's physician or surgeon. The patient also consents to the use of removed organs, tissues, and/or fluids for research or educational purposes.

### 2. Patient Care

The hospital provides only general patient care unless, upon order of the patient's physician, the patient is provided more intensive nursing care. If the patient's condition is such as to need the service of a special duty nurse, it is agreed that such must be arranged by the patient and his/her legal representative. The hospital shall in no way be responsible for failure to provide the same and is hereby released from any and all liability arising from the fact that said patient is not provided with such additional care.

### 3. For Teaching Institutions

Under the supervision of the attending physician, students, residents and post graduate fellows may participate in the care of the patient as a part of the medical education program of the institution. The patient agrees that unless he/she notifies this hospital to the contrary in writing, he/she agrees to participate in various educational programs at this hospital.

### 4. Legal Relationship Between Hospital and Physician

All physicians and surgeons furnishing services to the patient, including the Emergency Department physicians, radiologist, pathologist, anesthesiologist and the like, are independent contractors with the patient and are not employees or agents of the hospital. The patient is under the care and supervision of his/her attending physician and it is the responsibility of the hospital and its nursing staff to carry out the instructions of such physician. It is the responsibility of the patient's physician or surgeon to obtain the patient's informed consent, when required, to medical or surgical treatment, special diagnostic or therapeutic procedures, or hospital services rendered for the patient under the general and special instructions of the physician.

### 5. Personal Valuables

It is understood and agreed that the hospital maintains a safe for the safekeeping of money and valuables, and the hospital shall not be liable for the loss or damage to any money, jewelry, documents, fur garments, dentures, eye glasses, hearing aids, prosthetics or other articles of unusual value and small size, unless placed in the safe, and shall not be liable for loss or damage to any other personal property, unless deposited with the hospital for safekeeping. The maximum liability of the hospital for loss of any personal property which is deposited with the hospital for safekeeping is limited to five hundred dollars ($500.00) unless a written receipt for a greater amount has been obtained from the hospital by the patient.

### 6. Consent to Photograph/Videotaping

The hospital is permitted to take pictures of the medical or surgical progress involving the patient and to use same for scientific, educational or research purposes.

The patient consents to photography during medical and surgical procedures and the use of same for scientific, educational or medical research purposes. The patient further consents to routine photography related to patient care, including newborns.

### 7. Emergency or Laboring Patients

In accordance with Federal Law, I understand my right to receive an appropriate medical screening examination performed by a doctor, or other qualified medical professional, to determine whether I am suffering from an emergency medical condition and, if such a condition exists, stabilizing treatment within the capabilities of the hospital's staff and facilities, even if I cannot pay for these services, do not have medical insurance or I am not entitled to Medicare or Medicaid.

### 8. Financial Obligations

Not withstanding section (7), I further understand that I am responsible to the hospital and physician(s) for all reasonable charges incurred by me and not paid by third party benefits. In the event that said bill, or any part thereof, is deemed delinquent by the hospital, I understand that I will be responsible for collection of expenses as well as reasonable attorney's fees and court costs if a suit is instituted. All delinquent accounts shall bear interest at the maximum rate allowed by law.

### 9. Assignment of Insurance or Health Plan Benefits to Hospital

The undersigned assigns and hereby authorizes, whether he/she signs as agent or as patient, direct payment to the hospital of all insurance and plan benefits otherwise payable to or on behalf of the patient for this hospitalization or for these outpatient services, including emergency services if rendered, at a rate not to exceed the hospital's regular charges. It is agreed that payment to the hospital pursuant to this authorization by an insurance company or health plan shall discharge said insurance company or health plan of any and all obligations under the policy to the extent of such payment. It is understood by the undersigned that he/she is financially responsible for charges not covered by this assignment.

**TENET**

**CONDITIONS OF SERVICES**

TS1240E (3/00)

PATIENT COPY

## NOTICE OF PRIVACY
## PRACTICES (NPP)
## ACKNOWLEDGEMENT



1113

A **Notice of Privacy Practices(NPP)** is provided to all patients. This Notice of Privacy Practices identifies:  1) how medical information about you may be used or disclosed; 2) your rights to access your medical information, amend your medical information, request an accounting of disclosures of your medical information, and request additional restrictions on our uses and disclosures of that information; 3) your rights to complain if you believe your privacy rights have been violated; and 4) our responsibilities for maintaining the privacy of your medical information.

The undersigned certifies that he/she has read the foregoing, received a copy of the Notice of Privacy Practices and is the patient, or the patient's personal representative.

_X Josephin G Ayen_
Name of Patient

_X Josephin G Ayere_
Signature of Patient

_04, 02, 04_
Date Signed

_____
Name Patient's Personal Representative

_____
Signature of Patient's Personal Representative

_____/_____/_____
Date Signed

---

### FOR INTERNAL USE ONLY

_Raynessa Parks_
Name of Employee

_Raynessa Parks_
Signature of Employee

If applicable, reason patient's written acknowledgement could not be obtained:

☐ Patient was unable to sign.
☐ Patient refused to sign.
☐ Other _____

_2 - 2_ (Version: As noted on NPP)

_07540 140 / 04/02/04_ (Date: As noted on NPP)

```
AYERS, JOSEPHINE G          F   OP
MA# 000375082        MO          60
                  73Y   04/02/04
RUSSO, COURTNEY L
RUSSO, COURTNEY L
```

## NOTICE OF PRIVACY
## PRACTICES (NPP)
## ACKNOWLEDGEMENT

APPT. TIME: _2:00_   CHECK-IN TIME: _1:35_

25824

M B MCDONALD MD
2020 NAPOLEON AVE
5049961240, LA 70115

TIME 2:01 PM  DATE 08/06/04
TERM# 00221904  MER# 000302218762953
TRAN TYPE SALE
#5455348215272768
SRO TYL MASTERCARD
EXP DATE 03/07  SEQ # 002
TICKET # 001201
AUTH CODE 638561

TO TAL      $30.00

$30°° copay

Sign _Josephine G Ayers_
JOSEPHINE G AYERS

I AGREE TO PAY ABOVE TOTAL AMOUNT
ACCORDING TO CARD ISSUER AGREEMENT

PATIENT NAME: Josephine Ayers

| | INS. | | ASSC. | DATE |
|---|---|---|---|---|
| | MED | MCD | PVT | A N G | 8-6-04 |

| | PROCEDURE | | CPT | PROCEDURE | |
|---|---|---|---|---|---|
| | **DIAGNOSTIC TESTS, CONT.** | | | **INJECTIONS AND PROCEDURES, CONT.** | |
| | 92286 | Spec. Endo. Microscopy | 68801 | Punctum/Dilation | |
| | 92499 | Corneal Topography | 68761 | Punctum/Plug | |
| | 92250 | Fundus Photography | A4263 | Punctum Plug Supply | |
| | 92285 | External Ocular Photos | 68810 | Lacrimal Probing | |
| 99203 | Level 3/Low Complexity | 92225 | Ophthalmoscopy, Initial | | **CONTACT LENSES** | |
| 99204 | Level 4/Mod. Complexity | 92226 | Ophthalmoscopy, Subsequent | 92070 | Bandage C.L. Fitting | |
| | **OFFICE VISIT - ESTABLISHED PATIENT** | | | 92310 | C.L. Fitting Cosmetic | |
| 92012 | Ophth./Intermediate | | **INJECTIONS AND PROCEDURES** | 92311 | C.L. Fitting Aphakic 1 Eye | |
| 92014 | Ophth./Comprehensive  96°° | 67345 | Therapeutic Injection | 92312 | C.L. Fitting Aphakic OU | |
| 99211 | Tech. Evaluation | 67505 | Alcohol, Retrobulbar Inj. | HG003 | C.L. Follow-Up | |
| 99212 | Level 2/Brief | 67515 | Steroid, Retrobulbar Inj. | 92326 | C.L. Replacement | |
| 99213 | Level 3/Low Complexity | 68200 | Subconjunctival Injection | V2500 | C.L. Replacement/Aphakic | |
| 99214 | Level 4/Mod. Complexity | 65210 | Foreign Body Removal, Conj. | HG005 | C.L. Lab Work | |
| | **CONSULTATIONS** | | 65222 | Foreign Body Removal, Cornea | TAXXX | Tax | |
| 99241 | Level 1/Problem Focused | 65430 | Corneal Scraping | 92070-01 | Collagen Shield | |
| 99242 | Level 2/Straightforward | 65772 | Corneal Relaxing Incision | | **MISCELLANEOUS** | |
| 99243 | Level 3/Low Complexity | HGLAS | LASIK | 99002 | Service/Mailing Fee | |
| 99244 | Level 4/Mod. Complexity | HG002 | LASIK Facility Fee | 99075 | Medical Testimony | |
| 99274 | Confirmatory Consult | HGPRK | PRK | 99080 | Special Reports | |
| | **DIAGNOSTIC TESTS** | HG001 | PRK Facility Fee | HG004 | Glasses Check | |
| 92020 | Gonioscopy | 67800 | Chalazion Removal | HGPRE | Pre-Operative Exam | |
| 76512 | B-Scan, Ultrasound | 67801 | Chalazion Removal/Multiple | 99024 | Post-Operative Exam | |
| 76519 | A-Scan, Ultrasound | 67820 | Epilation with Forceps | 92015 | Refraction  20°° | |
| 92083 | Visual Field, Comprehensive | 67875 | Tarsorrhaphy/Suture Only | | | |
| 92283 | Color Vision Exam | 68100 | Conjunctival Biopsy | | | |
| | | 68760 | Punctum/Cautery | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| After Cataract Obscuring Vision | 366.53 | Corneal Opacity, Peripheral | 371.02 | Keratitis Punctate | 370.21 | **Total Charges** | |
| Amblyopia | 368.03 | Corneal Transplant (P.O.) | V42.5 | Keratitis Superficial | 370.20 | | |
| Aphakia | 379.31 | Corneal Ulcer, Central | 370.03 | Keratoconjunctivitis Sicca | 370.33 | | |
| Astigmatism, Regular | 367.21 | Corneal Ulcer, Marginal | 370.01 | Keratoconus, Stable | 371.61 | | |
| Astigmatism, Irregular | 367.22 | Corneal Ulcer, Perforated | 370.06 | Keratoconus, Unspecified | 371.60 | | |
| Astigmatism, Unspecified | 367.20 | Corneal Ulcer, Unspecified | 370.00 | Keratoplasty, Band-Shaped | 371.43 | **PAYMENT** | |
| Blepharitis, Unspecified | 373.00 | Cystoid Macular Degeneration | 362.53 | Lagophthalmous, Cicatricial | 374.23 | | |
| Blepharitis, Ulcerative | 373.01 | Dermatochalasis | 374.87 | Lagophthalmous, Mechanical | 374.22 | | |
| Blepharitis, Squamous | 373.02 | Diabetic Retinopthy, Background | 362.01 | Lagophthalmous, Paralytic | 374.21 | CASH | |
| Blurred Vision, Unspecified | 368.8 | Diabetic Retinopathy, Proliferative | 362.02 | Lagophthalmous, Unspecified | 374.20 | | |
| Bullous Keratopathy | 371.23 | Dry Eyes | 375.15 | Lid Edema | 374.82 | | |
| Cataract, Cortical | 366.15 | Endophthalmitis | 360.01 | Macular Degeneration, | | CHECK | |
| Cataract, Nuclear | 366.16 | Episcleritis | 379.01 | Age Related | 362.50 | | |
| Cataract, Senile | 366.10 | Foreign Body, Conjunctiva | 930.1 | Myopia | 367.1 | | |
| Cataract, Unspecified | 366.9 | Foreign Body, Cornea | 930.0 | Neoplasm, Benign | 216.1 | CREDIT  30. °° / copay | |
| Chalazion | 373.2 | Glaucoma, Chronic Angle Closure | 365.23 | Pinguecula | 372.51 | | |
| Conjunctivitis, Allergic | 372.14 | Glaucoma, Open Angle Suspect | 365.01 | Presbyopia | 367.4 | | |
| Conjunctival Hemorrhage | 372.72 | Glaucoma, Primary Open Angle | 365.11 | Pterygium Progressive | 372.42 | | |
| Corneal Abrasion | 918.1 | Glaucoma, Suspect, Unspecified | 365.00 | Pterygium, Stationary | 372.41 | | |
| Corneal Abscess | 370.55 | Herpes Simplex Dendritic Keratitis | 054.42 | Retinal Detachment | 361.00 | | |
| Corneal Degeneration | 371.48 | Herpes Simplex Disciform Keratitis | 054.43 | Sicca Syndrome | 710.2 | | |
| Corneal Dystrophy, Endothelial | 371.57 | Herpes Zoster Dermatitis | 053.20 | Stenosis Lacrimal Punctum | 375.52 | | |
| Corneal Dystrophy, Unspecified | 371.50 | Herpes Zoster Keratoconjunctivitis | 053.21 | Trichiasis | 374.05 | | |
| Corneal Edema | 371.20 | Hypermetropia | 367.0 | Vitreous Degeneration | 379.21 | | |
| Corneal Erosion, Recurrent | 371.42 | Hyphema | 364.41 | | | RETURN | |

DIAGNOSIS ① _____  ② _____  ③ _____  ④ _____

REORDER # 98-11669-30

W __2__ M __1__ YR.

**Memorial**
Medical Center

TCE1240E2

**5.    Medicare Patient's Assignment of Benefits and Release of Information**
I certify that the information given by me in applying for payment under Title XVIII of the Social Security Act is correct. I authorize release of any information needed to act on this request. I request that payment of authorized benefits be made on my behalf. I assign payment for unpaid charges of the hospital and physician(s) for whom the hospital is authorized to bill in connection with its services. I understand I am responsible for any remaining balance not covered by Medicare or other insurance.

**6.    Legal Relationship Between Hospital and Physician**
All physicians and surgeons furnishing services to the patient, including the Emergency Department physicians, radiologists, pathologists, anesthesiologists and the like, are independent contractors with the patient and are not employees or agents of the hospital. The patient is under the care and supervision of his/her attending physician and it is the responsibility of the hospital and its nursing staff to carry out the instructions of such physician. It is the responsibility of the patient's physician or surgeon to obtain patient's informed consent, where required, to medical or surgical treatment, special diagnostic or therapeutic procedures, or hospital services rendered for the patient under the general and special instructions of the physician.

**7.    Authorization to Appeal**
I hereby authorize the hospital to appeal on my behalf my claim(s) with _____, if applicable, and/or any payor which denies and/or delays payment of my claim(s). I further authorize that the payors, listed herein and any other payors, release any and all information requested and/or related to my claim(s) to the hospital and/or its attorneys. Unless prohibited by applicable law or regulation, this authorization is irrevocable upon execution by me hereinbelow and any appeal brought by the hospital shall be as if it was brought by me personally.

**8.    Personal Valuables**
It is understood and agreed that the hospital maintains a safe for the safekeeping of money and valuables, and the hospital shall not be liable for the loss or damage to any money, jewelry, documents, fur garments, dentures, eye glasses, hearing aids, prosthetics or other articles of unusual value and small size, unless placed in the safe, and shall not be liable for loss or damage to any other personal property, unless deposited with the hospital for safekeeping. The maximum liability of the hospital for loss of any personal property which is deposited with the hospital for safekeeping is limited to five hundred dollars ($500.00) unless a written report for a greater amount has been obtained from the hospital by the patient.

**9.  ✓  I have Received the Additional Facility Specific Addendum:**
_____ Patient Rights and Responsibilities;
_____ Important Message from Champus;
_____ Important Message from Medicare;
_____ Authorization to Disclose
_____ Other Specific Items as listed here:
_____
_____
_____
_____ Information regarding Advance Directives
_____ Not Applicable
_____ Patient has executed Advance Directives: _____ Yes _____ No Did you bring a copy? _____ Yes _____ No
If no, whom to contact to receive a copy? _____

**10.    Financial Responsibility Agreement by Person Other than the Patient or the Patient's Legal Representative**
I agree to accept financial responsibility for services rendered to the patient and to accept the terms of the Financial Agreement (Paragraph 1) and Assignment of Benefits to Hospital and Hospital-Based Physicians (Paragraph 2) set forth above.

_____        _____        _____
Date                                      Financially Responsible Party                      Witness

The undersigned certifies that he/she has read and verbalized/demonstrated understanding of the foregoing, received a copy thereof, and is the patient, the patient's legal representative or is duly authorized by the patient as the patient's general agent to execute the above and accept its terms.

10/28/04        Josephine Q Ayers        _____
Date                   Patient/Parent/Guardian/Conservator/Responsible Party - The above conditions of services have been explained to me and I understand.

_____        _____        _____
If other than patient, indicate relationship        Witness                                      Witness

**A COPY OF THIS DOCUMENT IS TO BE DELIVERED TO THE PATIENT AND ANY OTHER PERSON WHO SIGNS THIS DOCUMENT**

**CONDITIONS OF SERVICES**
Page 2 of 2

9129219

MR# 000375082    10/28/2004    DOB: 08/23/1930
AYERS, JOSEPHINE G
MEYER, RICHARD L    RT CY 5 74

# Memorial
## Medical Center

TCE0000E2

**1.     Consent to Medical and Surgical Procedures**

I, the patient identified below or the patient's legally authorized representative, consent to the procedures which may be performed during this hospitalization or on an outpatient basis, including emergency treatment or services, and which may include, but are not limited to, laboratory procedures, including testing of blood or other bodily fluid to determine the presence of any communicable disease such as, to the extent allowed by law, Hepatitis and Human Immunodeficiency Virus (the causative agent of AIDS), x-ray examination, medical and surgical treatment or procedures, anesthesia, or hospital services rendered for the patient under the general and special instructions of my/the patient's physician or surgeon. I further consent to my/the patient's physician or surgeon or his/her designees including other practitioners and hospital personnel, which may include health care professionals in training, performing or administering all tests, services or treatments indicated as previously described.

**2.     Consent to Photograph**

I permit the hospital to photograph as a part of the documentation of my/the patient's medical/surgical condition. These photographs will be maintained as part of my/the patient's permanent medical record. I understand and acknowledge that the hospital is permitted to use cameras to monitor all patients.

**3.     Nursing Care**

I understand and acknowledge that this hospital will provide nursing care to meet my/the patient's needs in accordance with accepted standards of nursing practices. If I/the patient desire sitter services or the services of a private duty nurse to provide personal care needs, I understand that such retention of such services is my responsibility and I agree to notify the hospital if I intend to arrange for additional or private duty nursing. I also understand and acknowledge that the hospital may use cameras or other devices for patient monitoring.

The undersigned certifies that I have read the foregoing, received a copy thereof, and I am the patient, the patient's legal representative, or I am duly authorized by the patient as the patient's general agent to execute the above and accept its terms.

_10/28/04_                    _Josephine G Ayers_
Date                          Patient/Patient's Authorized Signature

_____        _____        _____
If other than patient, indicate relationship        Witness        Witness

**CONSENT FOR TREATMENT**

9129219

MR# 000375082   10/28/2004   DOB: 08/23/1930
AYERS, JOSEPHINE G
MEYER, RICHARD L   PT: CX  E  74

Tenet HealthSystem          **CONSENT FOR TREATMENT**          

0000

**1.    Consent to Medical and Surgical Procedures**

I, the patient identified below or the patient's legally authorized representative, consent to the procedures which may be performed during this hospitalization or on an outpatient basis, including emergency treatment or services, and which may include, but are not limited to, laboratory procedures, including testing of blood or other bodily fluid to determine the presence of any communicable disease such as, to the extent allowed by law, Hepatitis and Human Immunodeficiency Virus (the causative agent of AIDS), x-ray examination, medical and surgical treatment or procedures, anesthesia, or hospital services rendered for the patient under the general and special instructions of my/the patient's physician or surgeon. I further consent to my/the patient's physician or surgeon or his/her designees including other practitioners and hospital personnel, which may include health care professionals in training, performing or administering all tests, services or treatments indicated as previously described.

**2.    Consent to Photograph**

I permit the hospital to photograph as a part of the documentation of my/the patient's medical/surgical condition. These photographs will be maintained as part of my/the patient's permanent medical record. I understand and acknowledge that the hospital is permitted to use cameras to monitor all patients.

**3.    Nursing Care**

I understand and acknowledge that this hospital will provide nursing care to meet my/the patient's needs in accordance with accepted standards of nursing practices. If I/the patient desire sitter services or the services of a private duty nurse to provide personal care needs, I understand that such retention of such services is my responsibility and I agree to notify the hospital if I intend to arrange for additional or private duty nursing. I also understand and acknowledge that the hospital may use cameras or other devices for patient monitoring.

**The undersigned certifies that I have read the foregoing, received a copy thereof, and I am the patient, the patient's legal representative, or I am duly authorized by the patient as the patient's general agent to execute the above and accept its terms.**

_____          _____
Date                                     Patient/Patient's Authorized Signature


_____          _____          _____
If other than patient, indicate relationship          Witness          Witness


**CONSENT FOR TREATMENT**                          Patient Identification

Tenet HealthSystem

TCE0000E2  (Rev. 07/02)          **PATIENT**



## RELEASE OF PATIENT INFORMATION FOR ADMISSION



*93266MMC*

Dates of Service to be released are only of this admission.

I understand that the entities listed below are part of an integrated health care delivery system involved in my patient care. I understand that the information documented must be available to those involved in my care. Access to my medical record information within the organization is restricted and only available on a Need-to-Know basis.

I understand that each of the entities listed below maintain medical records and other information pertaining to the patient's health care and payment for such care in electronic and other forms. I authorize each of the health care providers listed below to maintain some or all of such information and records of patient's health care in an electronic data repository that may be accessed by each health care provider of the entities listed below, for purposes of:

    (1) providing health care to the patient or coordinating such care with another of the health care providers listed below;
    (2) billing or filing claims or performing other function, such as release of information, necessary to obtain reimbursement for care delivered to the patient;
    (3) conducting scientific or statistical research, management or financial audits or administering, auditing, or monitoring a computer system or network on which information concerning me is maintained or communicated;
    (4) conducting activities for the purpose of assuring or improving patient care. However, I understand that the patient will not be identified in any report of such research, audit, evaluation or quality activity released other than to entity listed below that provides health care to the patient.

**Doctors Hospital of Jefferson**
**NorthShore Regional Medical Center**
**Kenner Regional Medical Center**
**Meadowcrest Hospital**

**Memorial Mercy Campus**
**NorthShore Psychiatric Hospital**
**Memorial Baptist Campus**
**St. Charles General Hospital**

In accordance with state and federal statutes and regulations, this authorization authorizes the release of the patient's complete health records, including any and all information and records in the possession of this and other health care providers listed above pertaining to:
1.   Diagnosis, prognosis, treatment and/or education related to drug and/or alcohol abuse;
2.   Communicable and/or sexually transmitted disease, including Acquired Immunodeficiency Syndrome (AIDS) and results of tests for Human Immunodeficiency Virus (HIV) or HTLV-III antibody, antigen or nonantigenic products;
3.   Psychiatric and other mental health services, diagnosis, prognosis, and/or treatment, whether rendered prior to this authorization or hereafter; and
4.   Genetic information and test results.

I have read and understand this authorization. I understand that I have the right to inspect any written information to be disclosed and the right to revoke this authorization at any time by giving signed written notice [that is witnessed if it applies to information concerning mental health or psychiatric services] to the entities listed above, except to the extent that action has been taken in reliance on this authorization. I understand that I have the right to receive a copy of this authorization. A copy of this authorization shall be deemed an original.

X _____    _____
Signature of Patient or Legally Authorized Representative                          Date

_____    _____
Relationship of Legally Authorized Representative to Patient              Date

_____    _____
Witness (may be required for release of mental health information)     Date

_____    _____
Physician / Psychologist / Social Worker / Staff Person (may be required for release of mental health information)    Date

FORM NO. 93266MMC (8560)  5/01

# Memorial
Medical Center

TS1089E

A **Notice of Privacy Practices (NPP)** is provided to all patients. This Notice of Privacy Practices identifies: 1) how medical information about you may be used or disclosed; 2) your rights to access your medical information, amend your medical information, request an accounting of disclosures of your medical information, and request additional restrictions on our uses and disclosures of that information; 3) your rights to complain if you believe your privacy rights have been violated; and 4) our responsibilities for maintaining the privacy of your medical information.

*The undersigned certifies that he/she has read the foregoing, received a copy of the Notice of Privacy Practices and is the patient, or the patient's personal representative.*

_Ayers, Josephine G_
Name of Patient

_Josephine G Ayers_
Signature of Patient

_12_ / _29_ / _04_
Date Signed

_____
Name of Patient's Personal Representative

_____
Signature of Patient's Personal Representative

_____ / _____ / _____
Date Signed

## FOR INTERNAL USE ONLY

_Shawn Wilson_
Name of Employee

_SW_
Signature of Employee

If applicable, reason patient's written acknowledgement could not be obtained

☐ Patient was unable to sign.
☐ Patient refused to sign
☐ Other

Notice Version: <u>2.0</u>

Notice Dated: <u>December 8, 2003</u>

## NOTICE OF PRIVACY PRACTICES (NPP)
## ACKNOWLEDGEMENT

SEQ.M524214

WAL ★ MART
702 S.W. 8th St.
Bentonville, AR 72716

SOCIAL SECURITY #

**WANDA D AYERS**

| DESCRIPTION | RATE | HOURS | EARNINGS | 01WS | YEAR TO DATE | FEDERAL TAX | SOCIAL SECURITY | YEAR TO DATE |
|---|---|---|---|---|---|---|---|---|
| REGULAR EARNING | 77700 | 799 | 6208 | 0435049291 | 305671 | INS AUBURN | 215 | 23561 |
| OVERTIME EARN | | | 00 | | | INS LIFE | 64 | 28172 |
| SICK PAY | | | 00 | | | 80 INS | 345 | 3935 |
| HOLIDAY PAY | | | 00 | | | INS MEDICAL C* | 3325 | 2415 |
| CO STK CONT | | | 225 | | | INS DENTAL C * | 300 | 23142 |
| PERSONAL TIME | | | 00 | | | CRED GARN CGPN | | 2100 |
| SUNDAY PREMIUM | | | 00 | | | CO STK CONT | 225 | 62476 |
| STAKEHOLDER | | | 00 | | | STOCK PURCH | 1500 | 225 |
| VAC HRS AVAIL | 7945 | | | | | SHS ADVAN CRD | 384 | 1500 |
| SICK HRS AVAIL | 495 | | | | | ALABAMA | 00 | 2688 |
| | | | | | | | | 11068 |

YEAR TO DATE STOCK PURCHASE DEDUCTIONS START OVER THIS CHECK

| CURRENT | EARNINGS | TAXES | DEDUCTIONS | NET PAY | BEGIN PAY PERIOD END |
|---|---|---|---|---|---|
| | 6208 | 6433 | 6079 | 221889 | 08-20-2004 09-02-2004 |
| YEAR TO DATE | 393501 | 64714 | 104896 | 75 | 01371036 |

STATEMENT OF EARNINGS AND DEDUCTIONS • DETACH AND RETAIN FOR YOUR RECORDS

Wanda Ayers
1420 Pauline St
New Orleans, LA 70117

7011745646

MONTGOMERY
AL 361
11 AUG
PM
2004

WAL ★ MART
702 S.W. 8th St. BENTONVILLE, ARKANSAS 72716

WAL★MART

BANK OF BENTONVILLE
BENTONVILLE, ARKANSAS

81-701
829

PAY TO THE ORDER OF WANDA D AYERS

DATE 04-08-2004

PAY THIS AMOUNT ******075

CHECK VOID IF NOT CASHED 90 DAYS FROM DATE OF CHECK

SEVENTY-FIVE CENTS

CHECK NUMBER
013711036

01 WS 0356 01 0911 H0356
WANDA D AYERS
1945 CO RD 57
NOTASULGA AL 36866

Senior Vice President, Finance and Treasurer

THIS DOCUMENT CONTAINS A COLORED BACKGROUND ON FACE AND ARTIFICIAL WATERMARK ON BACK - HOLD AT ANGLE TO VIEW

⑈13711036⑈ ⑆082907011⑆ 1934185 7⑈

717 S. COLLEGE ST.
[illegible]BURN, AL 36830

MONTGOMERY, AL 361
PM
11 AUG
2004

27 USA

Wanda Ayers
1420 Pauline St
New Orleans, LA 70117

70117+3646


