IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WANDA DENISE AYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:04cv1002-T |
| | ) | |
| WAL-MART CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The plaintiff, WANDA AYERS ["Ayers"] filed a complaint on 19 October 2004 (Doc. # 1) pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. And the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et seq. She alleged that, because of her race (African American) and her age (45), Wal-Mart failed to consider her for a management trainee position and that she was not hired for the position in March 2004, July 2003, and October 2003. She also alleges that Wal-Mart retaliated against her.

She requests that the court enter an order (1) requiring Wal-Mart to permit her to complete the management training program at a Wal-Mart store other than store # 356; and (2) awarding her reasonable costs and attorney's fees, compensatory damages and backpay. A Scheduling Order was entered in this pro se case on 26 January 2005 (Doc. # 16) setting deadlines for discovery on 9 September 2005 and dispositive motions on 28 July 2005.

Inasmuch as there was uncertainly with respect to certain facts, the court also entered an order (Doc. # 19) on the same date requiring the defendant to file a written notice with the

Clerk advising the court whether (1) the plaintiff has been terminated; (2) the plaintiff's job at store # 356 is still open and the plaintiff is still on the payroll; (3) the plaintiff is free to return to her position as a stocker; and (4) at the present time, there are management trainee positions available at Wal-Mart store # 356.

Wal-Mart responded on 23 February 2005 (Doc. # 22),[1] and the court concludes from the response that the following facts reflect Wal-Mart's position at this time:

- the plaintiff has been terminated from her position at Wal-Mart;
- the plaintiff "is not free to return to her position as an overnight stocker"; and
- because she is no longer employed by Wal-Mart, she is "not eligible to apply to Wal-Mart's Management Training Program".

Ayers filed an "Opposition" to Wal-Mart's Notice on 3 March 2005 (Doc. # 23), in which she questioned the clarity of some of Wal-Mart's assertions. The court is mindful that, taken as a whole, the notice is somewhat misleading, because Wal-Mart at once states that the plaintiff's "employment . . . has not been officially terminated as of February 25, 2005" (two days after the Notice was filed) (Doc. # 22, p. 1), then states that "Wal-Mart will terminate Plaintiff's employment for job abandonment" (Doc. # 22, p. 2).

However, because the court now concludes that Wal-Mart has terminated Ayers, the court DIRECTS the parties to continue this litigation and their preparation for pretrial motions and a trial with the assumption that the *Ayers is now terminated*. Ayers has alleged that Wal-Mart retaliated against her. Accordingly, it is ORDERED as follows:

---

[1]Wal-Mart titled its pleading "Notice of Unavailability of Stocker Position" (Doc. # 22).

1. Ayer's Opposition to Wal-Mart's Notice is hereby OVERRULED.

2. On or before 8 April 2004, Ayers shall file a written notice with the Clerk of the court advising the court of (a) the reason for which Wal-Mart retaliated against her, and (b) all of the actions taken by Wal-Mart which she deems to be retaliatory. Ayers is DIRECTED to refrain from restating her case or the facts of her non-selection. She is specifically DIRECTED to limit her notice to the two matters into which the court has made inquiry.

DONE this 28th day of March 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE