IN THE UNITED STATES DISTICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WANDA DENISE AYERS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | 3:04cv1002-T |
| WAL-MART STORES EAST, LP ) | |
| ) | |
| Defendant. ) | |
| ) | |

### Federal Rules Prohibit Harassment or Retaliation for Reporting Discrimination

Plaintiff will identify (WAl-MART CORPORATON) as so preferred as stated in the Answer to Amended Complaint as Wal-Mart Stores East, LP.

Plaintiff as ordered by the courts on 28 day of March 2005, are requested to file a written notice with the Clerk of the court; (a) giving the reason for which Wal-Mart retaliated against her: (b) all of the actions taken by Wal-Mart which she deems to be retaliatory.

Plaintiff Wanda D. Ayers
1420 PAULINE STREET
NEW ORLEANS, LOUISIANA 70117
(504) 945-8781

|  |  |  |
|---|---|---|
| Wanda D. Ayers | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| Wal-Mart Stores East, LP | ) | 3.04CV1002-T |
| | ) | |

Plaintiff will identify ("Wal-Mart Corporation") as so perferred as stated in the answers to Amended complaint as Wal=Mart Stores East, LP.

As ordered by the courts on the 28 day of March 2005, a request to file a written notice with the Clerk of the court of the:

    (a) Give the reason for which Wal-Mart retaliated against her:

The Plaintiff file an discrimination complaint stating that management has shone partial and unfair treatment stating the names of those individuals that have full control over promotion and firing of employee that do not fully cooperate.

Wal-Mart East LP store 356 is not only in violation of discrimination laws but the law Prohibits.

    **Harassment** by your employee or coworkers:

Life threats was made to the Plaintiff by coworker, statements was made to her by management while passing these individuals would walk up to the Plaintiff with making threats.

Floor manager made a statement if the Plaintiff did not leave that she would lose her house and everything that she had.

All employees are requested to enter store and exit the store at one main entrance. Plaintiff meets and greets the morning shift at 7:am and the evening shift 10:pm. The threats consist and got more intent.

The Plaintiff was followed up and down the isles of the store and then mad threats by an employee of the store. This threat was reported to management and the local police.

    **Retaliation** against you for reporting discrimination filing a lawsuit due to the discrimination of participation in an investigation is Prohibit by law.

Management refused to clock the Plaintiff in when she came in on her regular shift.

Wal-Mart Store 365 was changing over to a new time clock system if the employee or not on that days schedule they would have to wait for a manager to clock them in.

Many of the days that are noted to be un-approval absences and tardy are not days that the Plaintiff had taken off. These are day that the Plaintiff was not placed on the schedule.

Plaintiff stood at the time clock waiting for manager Robert Claiborne 3rd to clock her in after he clocked all the other associates in he walked off. The Plaintiff had to get assistance from another manger that was not on her shift to clock her in. This happen often that is when the Plaintiff stop clocking in and begin to sign time adjustment sheets so that she would be paid for the days that she worked.

The Plaintiff was given a set schedule and management started to schedule the Plaintiff on her days off which she did not know that she was on the schedule because she had a set schedule. The days that the plaintiff did not show up on the schedule days would show up as un-approved absences.

**Employment Ads** excluding persons of a certain race or national origin or showing a preference for a particular race or nationality

The Store Management would have private meetings with all third shift employees. The third shift employees would wait until the plaintiff leave and the store manger Tuesday Crawford would come out regular meetings on Tuesdays.

Management cut plaintiff work hours while asking other associate to work extra hours.

Slander and deformation none of these action happened before the Plaintiff's complaint.

The associates would follow the plaintiff to the ladies room to determine which one of the stales the Plaintiff would go into. (" IT WAS STATED THAT THE PLAINTIFF HAD ADIS").

Assistance Manger Sherman Alexander made an open statement in the night shift meeting that "Those Louisiana Women Will Mess You Up". Knowing that I'm form Louisiana I asked him what dif he mean by that statement. He gave no response to my question.

When I called the store 356 no one would response to the call again I would call my sister to assist me after being placed on hold or hanged up on. When my sister would call the answer right away.

Page 2

I just moved to a small town was only living there for one year an only the people that I knew where my landlord and the associates at work. My landlord lived about a mile in the home next to the house where I lived. There was an empty lot on the other side of me and the house where I live was about a mile from the streets. All I did was go to work and go to town to pay my bills and back home. The only people were the people that live across the streets from me. Now their young children came over because they were selling some items for the Christmas holidays. Which I placed an order but that order was never placed and the check was never returned.

Plaintiff did notice that the Store Manger had given the school that was in our little town $2,500.00 is no comparison to $20.00 check.

Plaintiff did not know anyone but yet this man came diving up to the back of her car as if he was going to ram into her.

When the Plaintiff tried over and over to get assistant from the local police of the District Attorney she could not contact them. The Plaintiff asked a local police detective Jerry London of the New Orleans Police department whom should she contact and she was told that she should contact the district Attorney's office. When I could not get a response I called my sister to see if she could get in touch with them no one answered the phone. After several attempts I just prayed for God's protection.

The associate would point the Plaintiff out like she was an animal at the zoo.

If you would note that Wal-Mart do not fix it until someone finds out that it is broken.

   Interviewing Skills was up dated after the plaintiff was stated to be fired in October 2003 Wal-Mart/Ayers Docs. Produced to Plaintiff 00612

Compared the other duplication which did not included Page 2of17

Retaliation for opposing unlawful employment practices.

Page 3of 17

The statement about Retaliation

Page 3

Page 5 of 17 Age Discrimination and Employment (ADEA)

When Plaintiff left Alabama where she was violated and returned to her hometown she was so stressed out that she was having server chest pains so she went to the doctor but she had no income to pay for the hospital bill or purchase the medication. So for a year she closed herself off and tried to rebuild.

The Plaintiff live off of the shares that she requested that she had in the company and she also requested her vacation pay to have funds to keep paying the storage fees of all her life belongs. The Plaintiff did not desire to burden anyone with this and she did not have any funds after the cut hours, lost of income and force to move she could no longer pay for storage and lost everything when the defendant do furnish the Plaintiff with her vacation and sick pay.

As stated in request for Trail Date Don Bost is not over Montgomery.

This information was not included in the Plaintiff personal file of the reported threats made on the Plaintiff life by employees of Wal Mart store 356 on the store property, which was reported to Mr. Robert Clayborn 3rd and a statement made to Mr. Sherman Alexander. This violation was reported to management and to the local police yet it is not recorded in the Plaintiff file. This either shows approval of such violent behavior that is approved by management or Wal Mart store #356 has yet to live up to policy that was mass duplicated but not illustrated as written in company regulations.

### Culture & History # 00465

Respect for the Individual

### Open Door/Open Mind # 00467

Who Do I talk to When I Use the Open Door?
Our first step should be our immediate Supervisor.

### Teamwork # 00469

Mutual Support
Mutual Respect

**The Plaintiff spoke to two team members and no one reacted to the to statement made before team players:**

Common Values (Out Three Basic Beliefs)
Open Communication:

Harassment/Inappropriate Conduct # 00663

A key operating principle of the Company

Inappropriate Behavior Harassment # 00744

Do not have fun at the expense of others.

Corporate Beliefs #00471

We strive for Excellence in All We Do.

Some of the team members should reread company polices.

Wal Mart Associate Handbook # 00234
Wal-Mart Stores, Inc.

Statement of Ethics # 00472

Reporting and Determining Violations of the Policy

Harassment/Discrimination/Inappropriate Conduct # 00492/00469

Applies To: All Associates

_____
Wanda D. Ayers
1420 Pauline Street
New Orleans, Louisiana 70117
(504) 945-8781

April 2, 2005

The Plaintiff file a complaint stating that management has shown partial and unfair treatment which she directed her complaint to the individuals that have full control over promotion and firing of any Employees that do not cooperate.

Several individuals that are in full position and had access are knew how to obtain access to the plaintiff home placed a listening device in the plaintiff home.

When the plaintiff notice all of her personal and private conversations begin to show up at work the plaintiff started investigating.

The plaintiff went several of the local police stations to find out how can she prove her house is bug and her phone had been tapped.

One detective stated that it is very easy if some one had one of those police scanner. He said Wal-Mart use to sale them. He went on to say his office was not equip to help me and gave me the direction to the next station. That was the only question asked which helped to confirm what was happening. I drove to the next station where Officer McCray took my statement.

Danny Dorn took my compliant personal because welcome her into his home. The plaintiff rented a room at his resident to attend college.

When plaintiff moved into the home close relative stated that Mr. Dorn had his phone tapped for personal reasons. While living at the home the Plaintiff notice that Mr. Dorn would bring up some personal conversation she had had over the phone. That is when the plaintiff begin to us her cell phone for personal conversations because this was Mr. Dorn home and his phone.

When the plaintiff moved out he was no longer able to listen in on the plaintiff conversation, which he had heard the plaintiff talk about how management was unfair.

The plaintiff did not think that Mr. Dorn would violate her home when she had asked Mr. Dorn to check on the house and put the mail on her desk that was right by the entrance when she went on vacation in August.

Mr. Dorn called Plaintiff on September 11, 2003 laughing on the phone telling the Plaintiff that he thought that she would be gone home by now.

Page 5

When the plaintiff personal conversation continual to show up at work the plaintiff change her lock and ask assistance of the ex-husband to assist her in making sure no one could get in. The plaintiff called her ex-husband and asked did he knew how to find a bug in the house at that time she stated that on the phone while talking to him that she needed a lawyer, a private detective, and the FBI at the phone click as if there was a second line. She asked her ex-husband did he hear it and his response was yes.

Everything that conversation that the plaintiff had which she found wrong management quickly correct it. The associate would walk up to her and state some personal parts of her conversation to let her know that they were listing in to her conversation. This was the only means of communication that the plaintiff had.

The plaintiff refuse to continual communication with Mr. Dorn and the only person that the store was able to use is Mr. Clark which the plaintiff had cut communication with everyone at the store at this time.

The plaintiff ex-husband sealed the window and made sure no one could get into the house. Mr. Clark one got in the window of the house when the plaintiff locked her keys in the house.

The plaintiff noticed a change on her cell phone call log. She also noticed that items were slightly moved in her home. Information about the complaint and the retaliation was removed from the plaintiff computer.

The Plaintiff ex-husband return to search the house to find the bug, which he looked around the room and under the furniture but he did not look inside of the closet. The one of the bugs were in the closet. That is where the bug was removed by Mr. Clark. The bug was placed in a vase in the close the vase had a top on it and it made a clashing noise when she place it in the closet. It was the same notice she heard when Mr. Clark removed it from the closet. The Plaintiff did not look into it at the time because she thought Mr. Clark was putting some of the items in the closet and move it so that it would not break.

When the Plaintiff was rested she got up later and looked in the closet the vase was removed and the empty spot was there where the vase was. The Plaintiff searched the house to see if he had placed somewhere else in the house but it was not found. That is when the Plaintiff filed the report with the police.

    Exhibit 1 Police Reports,
    Exhibit 2 Cell Phone Log (Call list will show that calls have changed, call have been deterred to Tuskegee where Mr. Dorn resident is located.
    Exhibit 3 Copy of letters to defendant

Page 6

## CERTIFICATE OF SERVICE

I hereby certify that United States Mail, has served the above and foregoing via first-class, postage, the 2*7* day of ~~February~~ 2005:
April

Vanzetta Penn Mepherson
United States Magistrate Judge
The United District Court
Middle District of Alabama Eastern Division

Jennifer F. Swain
Alan D. Mathis
JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

Wanda D. Ogez
1420 Pauline Street
New Orleans La 70117
(504) 945-8781

Page 7

EXHIBITS

TO THIS DOCUMENT

ARE NOT SCANNED.

THEY ARE FILED

IN CONVENTIONAL FORMAT

AND AVAILABLE FOR VIEWING

IN THE CLERK'S OFFICE.