## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **WANDA DENISE AYERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:  3:04cv1002-T** |
| **v.** | ) | |
| | ) | |
| **WAL-MART CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION TO COMPEL

Defendant Wal-Mart Stores East, LP ("Wal-Mart"), improperly identified in the Plaintiff's complaint as Wal-Mart Corporation, moves the Court compel the plaintiff to appear for deposition.  As grounds for this motion, Wal-Mart states as follows:

1.     In a telephone conversation on April 11, 2005, counsel for Wal-Mart ("Counsel") inquired about the Plaintiff's availability for deposition in Montgomery.  The Plaintiff did not express any objection at that time to being deposed in Montgomery.

2.     In correspondence to Counsel dated April 11, 2005, the Plaintiff claimed that Counsel told her during a meeting after a January 25, 2005 scheduling hearing that "if there is a Wal-Mart in the state of the residence of the Plaintiff the Plaintiff would not have to leave her state, but the deposition could be done in New Orleans."  The Plaintiff also claimed that Counsel told her the deposition could be taken over the phone.  Counsel did not state at that meeting or at any time thereafter that the Plaintiff's deposition could be taken in New Orleans or by telephone. A copy of Plaintiff's letter dated April 11, 2005 is attached to this motion as Exhibit A.

3.     On May 9, 2005, Counsel sent a letter to the Plaintiff explaining that Montgomery was the venue of her choice and should be the location of her deposition.  Counsel offered

several dates for the Plaintiff's deposition, including June 7, 8, 9, 14, 15, and 16.  A copy of Counsel's May 9, 2005 letter to the Plaintiff is attached to this motion as Exhibit B.

4.      Having received no response from the Plaintiff, Counsel noticed the Plaintiff's deposition for June 9, 2005, at 10:00 a.m., in Montgomery, at the office of Capell & Howard, P.C.

5.      In a letter dated May 20, 2005, but not received by Counsel until on or about June 6, 2005, the Plaintiff indicated that she would choose from the dates listed in Counsel's letter of May 9, 2005, and would inform Counsel of her choice.  In this letter she also insisted that Counsel contact her by letter only.  The Plaintiff's letter did not list any dates of availability or reference the Notice of Deposition.  A copy of the Plaintiff's May 20, 2005 letter is attached as Exhibit C.

6.      On June 6, 2005, Counsel called the Plaintiff to determine whether she was planning to appear at deposition in Montgomery on June 9.  During that telephone conversation, the Plaintiff said that she would not be coming to Montgomery on June 9 unless Wal-Mart was willing to cover her expenses.  The Plaintiff also maintained that the deposition should be conducted by telephone.

7.      On June 6, 2005, Counsel sent a letter to the Plaintiff confirming that she was not planning to appear for deposition on June 9, and asking her to respond immediately if she planned to appear.   A copy of Counsel's June 6, 2005 letter to the Plaintiff is attached to this motion as Exhibit D.

8.      On June 7, 2005, the Plaintiff submitted to the Court a filing titled "Admemed [sic] to Notice of Deposition," in which she objected to Wal-Mart's Notice of Deposition, and stated that she had made arrangements to be in Montgomery on June 14.  Unfortunately, because

of the Plaintiff's delay in choosing from the dates proposed by Counsel in their letter of May 9, 2005, Counsel were no longer available for the Plaintiff's deposition on June 14.

9.    On June 8, 2005, Counsel called the Plaintiff to let her know that Counsel were no longer available on June 14, but that they would be available on June 24 in Montgomery. A woman purporting to be the Plaintiff's mother answered the telephone, and Counsel left a message with her that they would not be available on June 14.

10.    On June 9, 2005, Counsel called the Plaintiff to confirm that she had received the message from the previous day. When Counsel asked for the Plaintiff, the person answering the phone asked who was calling. When Counsel gave his name, the person answering the phone immediately hung up.

11.    In a letter dated June 9, 2005, the Plaintiff reiterated her request that Counsel contact her only by letter. The Plaintiff also stated in the letter that after June 14, 2005, she would not be available for deposition until the second week of August. A copy of the Plaintiff's June 9, 2005 letter is attached to this motion as Exhibit E.

12.    On June 17, 2005, Counsel sent a letter to the Plaintiff offering the date of June 24, 2005 for deposition in Montgomery. Counsel also informed the Plaintiff that the dispositive motion deadline for the case is July 28, 2005, and that a deposition in August was, therefore, unacceptable. In the letter, Counsel requested that the Plaintiff let them know immediately whether she would be available on June 24, 2005. A copy of Counsel's June 17, 2005 letter is attached to this motion as Exhibit F.

13.    Counsel never received a response from the Plaintiff and, therefore, did not re-notice the Plaintiff's deposition for June 24. Nevertheless, the Plaintiff appeared at the office of Capell & Howard on June 24.

14.    The Plaintiff called Counsel on June 24 and stated that since Counsel was not present in Montgomery on June 24, the Plaintiff would only be available for deposition by telephone or in New Orleans, and only in August.

15.    On June 27, 2005, Counsel received a letter from the Plaintiff dated June 20 and postmarked June 23, stating, "I will make arrangements to meet with you as stated in your letter."  A copy of Plaintiff's June 20, 2005 letter and June 23, 2005 postmarked envelope are attached as Exhibit G.

16.    The Plaintiff's refusal to communicate by telephone, her long delays in responding to correspondence and her insistence on a telephone deposition or a deposition in New Orleans have made the process of scheduling her deposition extremely difficult.  Moreover, the Plaintiff's refusal to appear for deposition until August will make it impossible for Wal-Mart to comply with the current deadline for filing dispositive motions.

17.    Wal-Mart certifies that it has attempted to resolve the dispute that is the subject of this motion without the need for Court intervention, but has been unsuccessful.

WHEREFORE, Defendant Wal-Mart Stores East, LP respectfully moves this Court to compel the Plaintiff to appear for deposition in Montgomery at least twenty-one days prior to the dispositive motion deadline of July 28, 2005, or, in the alternative, delay the dispositive motion deadline until a reasonable time after the Plaintiff makes herself available for deposition in Montgomery at a mutually acceptable date and time.

s/ Jennifer F. Swain
Jennifer F. Swain
Bar Number: ASB-7761-I67-J
Email: jfs@jbpp.com

s/ Alan D. Mathis_____
Alan D. Mathis
Bar Number: ASB-8922-A59M
Email: adm@jbpp.com

Attorneys for Defendant
Wal-Mart Stores East, LP

**OF COUNSEL:**

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify the above and foregoing has been served on the Plaintiff, by United States Mail, first-class, postage-prepaid and properly addressed on this, the 30th day of June, 2005:

Wanda Denise Ayers
1420 Pauline Street
New Orleans, Louisiana 70117


s/ Jennifer F. Swain_____
Of Counsel

W0514755.DOC

# EXHIBIT "A"

IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTICT OF ALABAMA
EASTERN DIVISION

WANDA DENISE AYERS      )
    PLAINTIFF,          )
                           )
      V.                 )        CIVIL ACTION NO. 3:04CV1002-T
                           )
WAL-MART STORES EAST, LLP  )
    DEFENDANT.         )
                           )

## Deposition of Plaintiff by
## Defendant Wal-Mart Store East, LLP

Plaintiff will identify ("Wal-Mart") as so preferred as stated in the Answer to Amended Complaint as Wal-Mart Stores East, LP in the following Amended Complaint Response:

Plaintiff as ordered by the courts on the 25 of January 2005, to have a deposition by defendant.

In a recap of the conference held on the on January 25 after the Judge dismissed the scheduling conference.

1) Attorney for the defendant stated that if there is a Wal-Mart in the state of the residence of the Plaintiff the Plaintiff would not have to leave her state, but the deposition could be done in New Orleans.

2) Attorney for the defendant stated that it is also probable that the Plaintiff would take the deposition over the phone.

3) The Plaintiff is requesting that the Attorney verify and uphold the statements made in the after conference which the Judge requested that both parties meet and come to agreement.

4) The Attorney for defendant called the Plaintiff stating that the deposition will now be held in Montgomery.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served by United States Mail, via first-class, postage and properly addressed on this, the 11 day of April 2005:

Vanzetta Penn Mepherson
United States Magistrate Judge
The United District Court
Middle District of Alabama Eastern Division

Jennifer F. Swain
Alan D. Mathis
JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

*Nanda D. [signature]*
*1420 Pauline Street*
*N. O. La. 70117*
*(504) 945-8781*

# EXHIBIT "B"

# JohnstonBarton

Johnston Barton Proctor & Powell LLP

2900 AmSouth/Harbert Plaza

1901 Sixth Avenue North

Birmingham, Alabama 35203

Telephone: (205) 458-9400

Fax: (205) 458-9500

**www.johnstonbarton.com**

Alan D. Mathis
Direct Dial (205) 458-9475
E-Mail Address:  adm@jbpp.com

May 9, 2005

**C**

**O**

**P**

**Y**

<u>**Via U.S. Mail**</u>

Ms. Wanda Denise Ayers
1420 Pauline Street
New Orleans, Louisiana  70117

> Re:    **Wanda Denise Ayers v. Wal-Mart Stores East, LP**
> **In the United States District Court, For the Middle**
> **District of Alabama, Eastern Division**
> **Civil Action No. 3.04CV1002-T**

Dear Ms. Ayers:

I am in receipt of your submission to the Court dated April 11, 2005 in which you complain to the Court that I have not upheld certain statements about the location and method of your deposition.  It is obvious from your allegations that there has been a miscommunication.

As an initial matter, I was surprised to see that you are unwilling to be deposed in Montgomery since you did not express any objection to me when we discussed your availability for deposition in our telephone conversation of April 11.  More importantly, however, I never told you that your deposition could be taken in New Orleans, nor did I tell you that your deposition could be taken over the phone.  If you are confused by any of our future communications, please feel free to discuss your concerns with me before making misrepresentations of my statements to the Court.

You chose to file your complaint against Wal-Mart in Alabama, not Louisiana.  If you will not agree to be deposed in Montgomery (the venue of your choice), Wal-Mart will file a motion to compel your appearance for deposition in Montgomery.

Ms. Wanda Denise A~~~s
May 9, 2005
Page 2 of 3

     We are available to take your deposition in Montgomery on June 7, 8, 9, 14, 15 or 16. At your earliest convenience, please let me know if you are available on any of these dates.


            Sincerely,


            Alan D. Mathis
            One of the Attorneys for
            Defendant Wal-Mart Stores East, LP

ADM/vht

W0507342.DOC

# EXHIBIT "C"

May 20, 2005

Wanda Denise Ayers
1420 Pauline Street
New Orleans, Louisiana 70117

Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203

      Re:    **Wanda Denise Ayers v. Wal-Mart East, LP**
             **In the United States District Court, for the**
             **Middle District of Alabama, Eastern Division**
             **Civil Action No. 3.04CV1002-T**

Dear Mr. Mathis

      I have no complains at all just a statements that was made by Mr. Alan D. Mathis, as usual both Wal Mart the Employer and the representative of Wal Mart have stated information that is misleading and given a response to be deceptive.

      No, it is you that must be confused because as you so often stated or rather preferred to be addressed as Wal Mart East. LP and as you so preferred to be addressed the state of Louisiana is a part of that division of the company that have been served. No matter where the company is served it is the company that have to address the issues that has been mishandled in that division and whatever questions you may have it can be done over the phone as stated by you in our conversation in the meeting on January 25, 2005, if you do not agree that it can be taken in New Orleans as you stated?

      However, It has been noted that Wal Mart cannot keep their story straight and if it would keep the confusion down on your behalf I will agree to meet with you. Since you have been inconsistent in relating information so from now on all of your response to me will be by letter. I will made arrangement s from the dates listed in the letter received on May 9, 2005 and I will inform you of that date in the form of a letter.

      If you should have any question please feel free to contact me by letter.

Thank you,

Wanda D. Ayers
*This is the Address where I can be reached*
Wanda D. Ayers
1420 Pauline Street
New Orleans, Louisiana 70117

EXHIBIT "D"

# JohnstonBarton

Johnston Barton Proctor & Powell LLP

2900 AmSouth/Harbert Plaza

1901 Sixth Avenue North

Birmingham, Alabama 35203

Telephone: (205) 458-9400

Fax: (205) 458-9500

**www.johnstonbarton.com**

Alan D. Mathis
Direct Dial (205) 458-9475
E-Mail Address: adm@jbpp.com

June 6, 2005

**Via Federal Express**

Ms. Wanda Denise Ayers
1420 Pauline Street
New Orleans, Louisiana 70117

> Re:  **Wanda Denise Ayers v. Wal-Mart Stores East, LP**
> **In the United States District Court, For the Middle**
> **District of Alabama, Eastern Division**
> **Civil Action No. 3.04CV1002-T**

Dear Ms. Ayers:

Pursuant to our telephone conversation earlier today, this letter is to confirm that you do not plan to appear for deposition at 10:00 a.m. on Thursday, June 9, at the law office of Capell & Howard in Montgomery, Alabama, as stated in the Notice of Deposition sent to you on May 25, 2005.

Your refusal to appear for deposition in Montgomery and your insistence on a telephone deposition are unacceptable. If you continue to be uncooperative, we will file a motion with the Court to compel your appearance for deposition in Montgomery in a timely manner.

If I have misunderstood your intentions and you are planning to appear for deposition as stated in the Notice of Deposition dated May 25, 2005, please let me know immediately.

Sincerely,

Alan D. Mathis
One of the Attorneys for
Defendant Wal-Mart Stores East, LP

W0512877.DOC

EXHIBIT "E"

June 9, 2005

Wanda Denise Ayers
1420 Pauline Street
New Orleans, Louisiana 70117


Mr. Alan Mathis
Johnson Barton Proctor & Powell LLP,
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Al 35203-2618

       Re:    **Wanda Denise Ayers v. Wal-Mart East, LP**
              **In the United States District Court, for the**
              **Middle District of Alabama, Eastern Division**
              **Civil Action No. 3.04CV1002-T**

**Mr. Mathis:**

       This is a prime example of the type of misconception that has been displayed by you, and the inconsistence in the information that has been related by letter. Your, letter states that these are the dates available 7, 8, 9 and 14, 15, 16, which the fourteen day of June has been accepted.

       But I must inform you that the arrangements of disposition on the dates listed on your original letter has been accepted and I have arrange to meet with you on the <u>14, of June 2005</u>.

       However, if you cannot meet with me on the 14th of June I will not be available until the second week of August. So, please do not made any other arrangements before the first week of August.

       I must inform you that the phone number you have for me was given to you in a means to contact me but this is my mother's residence so please do not call her home again and **insulate her with your accusations**. My mother is 74 years old and she have every right to answer her own phone and not be question by you are any one else in regards to my personal business. <u>**This is the kind of actions that took place in Alabama that had her so up set that she had to be place into the hospital.**</u>

       I made a request that you write to me with any information that you may need to relate and **this is a firm request** <u>**do not call,**</u> you have only one acknowledgement of your own words and that is for a phone deposition as stated by you. For no other reason should you call my mother's home. Contact Address: 1420 Pauline Street. New Orleans, LA 70117

Sincerely,

*[signature]*

The Plaintiff
Wanda D. Ayers

EXHIBIT "F"



# JohnstonBarton

Johnston Barton Proctor & Powell LLP

2900 AmSouth/Harbert Plaza

1901 Sixth Avenue North

Birmingham, Alabama 35203

Telephone: (205) 458-9400

Fax: (205) 458-9500

**www.johnstonbarton.com**

Alan D. Mathis
Direct Dial (205) 458-9475
E-Mail Address: adm@jbpp.com

June 17, 2005

**Via Federal Express**

Ms. Wanda Denise Ayers
1420 Pauline Street
New Orleans, Louisiana  70117

> Re:    **Wanda Denise Ayers v. Wal-Mart Stores East, LP**
> **In the United States District Court, For the Middle**
> **District of Alabama, Eastern Division**
> **Civil Action No. 3.04CV1002-T**

Dear Ms. Ayers:

On May 3, 2005, I sent you a letter providing several dates from which to choose for your deposition in Montgomery.  Because I had not heard from you, on May 25, 2005, I sent you a Notice of Deposition setting your deposition for June 9, 2005 at 10:00 a.m. in Montgomery.

You indicated to me during a telephone conversation on June 6, that you would not be coming to Montgomery on June 9.  On June 7, 2005, I received a letter from you stating that you had made arrangements to be available for deposition in Montgomery on June 14.  Unfortunately, because of the delay in your response to our original letter, we were no longer available on June 14.

I am in receipt of your letter dated June 9, 2005, in which you state that you will not be available for deposition until the second week of August.  This is not acceptable. The dispositive motion deadline in this case is July 28, 2005.  Accordingly, we will need to take your deposition prior to that date.

We are available to take your deposition on Friday, June 24, in Montgomery.  We do not anticipate that the deposition will take longer than that day, but if it does we will work with you to schedule the remainder of the deposition for a mutually agreeable date and time.

Ms. Wanda Denise Ayers
June 17, 2005
Page 2 of 3

Please let me know immediately whether you will be available for deposition in Montgomery on June 24.

Sincerely,

Alan D. Mathis
One of the Attorneys for
Defendant Wal-Mart Stores East, LP

W0513536.DOC

# EXHIBIT "G"

June 20, 2005


Wanda Denise Ayers
1420 Pauline Street
New Orleans, Louisiana 70117


Mr. Alan Mathis
Johnson Barton Proctor & Powell LLP,
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Al 35203-2618

          **Re:**     **<u>Wanda Denise Ayers v. Wal-Mart East, LP</u>**
                     **In the United States District Court, for the**
                     **Middle District of Alabama, Eastern Division**
                     **Civil Action No. 3.04CV1002-T**

**Mr. Mathis:**

     **I will make arrangements to meet with you as stated in your letter. If an emergence should arise I will contact you either by phone or over night mail.**


Thank you,

Wanda D. Ayers

New Orleans, Lerai 119
Street Pauline 1900

Johnson Barton Proctor + Powell LLP
2900 Am South/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2618

35203-2618


