RECEIVED

**IN THE UNITED STATES DISTICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

WANDA DENISE AYERS,                    )
                                       )
    **Plaintiff,**                    )
    vs.                               )    **CIVIL ACTION NO.**
                                       )    **3:04cv1002-T**
WAL-MART STORES EAST, LP )
                                       )
    **Defendant.**                    )

## MOTION TO COMPEL DUE TO DEFICIENT TO SHOW

Plaintiff has applied to the request that has been made of her. The Defendant Wal-Mart East. LP ("Wal-Mart"), Counsel made the request that the plaintiff drive to Alabama for a unlimited amount of time and a unlimited amount of days. When the plaintiff asked the defendant for clarity the defendant did not response. The plaintiff again made the request to clear the amount of days and the time frame that would be required of her to made some arrangements. The motion to the courts to compel in favor of the plaintiff and that the defendant will cover the cost for the deposition for the defendant deficient to show at their own request for June 24, 2003 at 10:00 am. and the "Counsel" would not accept the date that was stated in their request.

    1.    In a telephone conversation on April 11, 2005, counsel for Wal-Mart made an inquiry about the Plaintiff's availability for deposition in Montgomery. The Plaintiff did not express any objection over the telephone to being deposed in Montgomery. The Plaintiff asked the Counsel to the verify statements made in the meeting after the January 25, 2005 scheduled meeting in a letter.

    2.    In correspondence to Counsel dated April 11, 2005, the Plaintiff inquired about the conversation that the Counsel stated to the Plaintiff on January 25, 2005 in the after meeting. Counsel stated that the deposition can be done over the telephone or taken in the state in which the plaintiff lives. Counsel also states that he is new to his job as "Counsel". As to the conversation with the Counsel meeting for deposition the plaintiff asked the Counsel to verify statements made to her. A copy of Plaintiff's letter dated April 11, 2005. See Exhibit 1

3.    On May 9, 2005, the Counsel for the defendant sent a letter to the Plaintiff and denied the statement made to the Plaintiff, Counsel did not say said that the statements made was not correct this would made the "Counsel" trustworthy and it would be accepted because the Counsel stated that he was new in his position. When "Counsel" denied his own words the "Counsel" to the defendant is no longer trustworthy. The May 9, 2005 letter from the Counsel offered several dates for the Plaintiff's to choose from yet the Counsel did not give the Plaintiff sufficient time to make the necessary arrangements on her part and the Counsel arrange a date which the plaintiff had made other arrangements but according with the date listed by Counsel. See Exhibit 2

4.    The Plaintiff informed the Counsel of the arrangements that was made on the 14th in the form of a motion titled ADMEMED TO NOTICE OF DEPOSITION. The Counsel's letter May 9, 2005 that state that these are the dates that the "Counsel" have open for deposition June 7, 8, 9, 14, 15, and 16 but when the Plaintiff made arrangements on a date that is listed the "Counsel" did not accepted that date of the dates that was listed on the letter May 9, 2005. See Exhibit 3

5.    The Counsel called the Plaintiff place of contact and the Plaintiff was not there but the Counsel insist that the person in which he was speaking to was indeed the Plaintiff and continual to question the person on the phone which was the Plaintiff's mother who is 74 years old and she have no reason what so ever to mislead the Counsel. Due to respect to the Plaintiff's mother a request was made that the Counsel would contact the Plaintiff by letter to avoid the misuse of the Counsel privilege to contact the Plaintiff by phone and to give the Plaintiff's mother ever right to answer her own phone without being called a lie for no apparent reason.   The Plaintiff did not deny the Counsel any means in which to contact her but that it would be without offense and that it could be verified.

Page 2

6.    Counsel called the Plaintiff to address the issues of the date that the Counsel has arranged after the Plaintiff made a request that the "Counsel contact the Plaintiff by letter. Counsel was fully aware that the Plaintiff was not going to show due to the fact that a letter was mail to "Counsel to verify the number of days and the lent of time is requested of the Plaintiff before the Plaintiff would leave blindly not knowing what is required of her. See Exhibit 4

7.    On June 6, 2005, the Counsel sent a letter to the Plaintiff to confirm that the plaintiff would not blindly walk in to a situation that was stated to be endless. The plaintiff again address in a letter to the Counsel on June 9, addressing the statement made in the conversation with the Plaintiff's mother. Also stating that the arrangement that was made by the plaintiff from the "Counsel" May 9, 2005 letter. See Exhibit 5

8.    The Plaintiff made every attempt to make arrangements with the "Counsel" in regards to the dates that was stated in the "Counsel's" letter May 9, 2005. As stated in "Counsel" Motion To Compel, counsel did not speak to the Plaintiff but it was the Plaintiff mother in which the "Counsel" insisted that the Plaintiff's mother was in fact the Plaintiff. The Plaintiff's mother informed her of the conversation with the counsel. See Exhibit 6

9.    The "Counsel" has well stated the truth in number (10) knowing that he had not spoken to the Plaintiff and he call to confirmed that the Plaintiff received the message related to the Plaintiff's mother, which the opening statement to the Plaintiff mother was that she was lying about who she was. "Counsel: not only showed no respect to the Plaintiff's mother but "Counsel showed no respect to the Plaintiff request made asking "Counsel" not to call. Plaintiff did hung up due to his disrespect and as a firm attempt to let the "Counsel" know that the request made should be honored. See Exhibit 7

10.    On June 17, 2005, the "Counsel sent a letter to the Plaintiff offering that date of June 24, 2005 for deposition in Montgomery. See Exhibit 8

11.    Due to the fact the Plaintiff's sister made arrangements for the Plaintiff to visit with her and she would not return until August Plaintiff accepted the offer made June 24, 2005, and she would not be available until August and Counsel should have made every attempt to meet with the Plaintiff on June 24, 2005.  See Exhibit 9

12.    The "Counsel" made a offer on May 9, 2005, offering several days and the Plaintiff accepted the offer to meet on June 14, 2005 as state in the Counsel letter and the Counsel decline the request made by the Plaintiff. The Plaintiff made arrangement to meet with the Counsel once again on June 24, 2005 in all fairness to the fact that the Plaintiff made the request to the "Counsel" not to call she mail a letter to confirm that she would meet with the Counsel. These are the date that has been established by "Counsel" and Plaintiff applied in every attempt to meet with the Counsel. See Exhibit 10

13.    The arrangement was made by the "Counsel" and in the attempt to apply to the request that "Counsel" made the "Counsel" should have made every attempt to be available on the date arranged, there are two Attorney's on the case and when the office of Capell & Howard called to verify the meeting neither Attorney was available at the time of the 10:00 am meeting. Even if the Plaintiff did not show for the date requested one of the Attorney should have been available for the June 24, 2005 date. Therefore the Counsel do not have an argument because they failed on two separated attempts to meet with the Plaintiff on the dates that was requested by the" Counsel". See Exhibit 11

14.    The Plaintiff called Counsel on June 24, and stated that she would wait and if Counsel desires to still take the disposition that she would stay and wait for 20 minutes for a return call. The Plaintiff did not receive a call from the Counsel and the plaintiff was in town for over two hours after the message was left for the Counsel. Counsel statement is not correct and the Plaintiff did not state that she would **only** be available for deposition by telephone but she did stated the words of "Counsel" due to the fact "Counsel" denial of his own words, Plaintiff stated that she has exhaust every effort and she cannot repeat such and over sight of the Counsel to have not abide by stated or written words. See Exhibit 12

Page 4

15.    The Plaintiff have not refusal to communicate with the Counsel but has requested that the Counsel correspond in letter. Plaintiff did not insistence on a telephone deposition but repeated "Counsel" stated words and Plaintiff only stated that fact to "Counsel". The Scheduling of the deposition is not difficult at all as shown in the "Counsel's" letters schedules to meet that "Counsel" has refuse to either meet or fail to be present. Moreover, the Plaintiff's refusal to appear for deposition is because "Counsel has went to the extreme to avoid the cost of their understatements of not showing up to meet or not being available for a scheduled meeting and the fact that Plaintiff made every attempt to meet at the full cost of no one showing up by "Counsel".

16.    "Wal-Mart's Counsel" has not attempted to uphold the statements made verbally as well as written but has refused to accept the scheduled dates that has been sit forth by "Counsel" the plaintiff has made ever attempted to apply to all request made by the "Counsel" on the date that the counsel has arranged in two different attempts and "Counsel" either did not accepted their own scheduled dates or have refused to apply to the dates that have been arranged by "Themselves".

17.    WHEREFORE, Plaintiff Wanda Denise Ayers respectfully moves this Court to compel the Defendant to <u>MOTION TO COMPEL DUE TO DEFICIENT TO SHOW</u> if in Montgomery the "Counsel" will be fully responsible of all cost that is in title due to the Plaintiff attempts on more then one occasions to apply to the "Counsel" request which the "Counsel fail to accept or fail to show. These arrangements should be made with in the next two weeks or the Plaintiff will not be available until she should return in August.

Respectfully Submitted to the Courts,

Wanda D. Ayers
Wanda Denise Ayers

**1420 Pauline Street**

**New Orleans, Louisiana 70117**

Page 5

## CERTIFICATE OF SERVICE

I hereby certify that United States Mail, has served the above and foregoing via first-class, postage, the _5_ day of July 2005:

Vanzetta Penn Mepherson
United States Magistrate Judge
The United District Court
Middle District of Alabama Eastern Division

Jennifer F. Swain
Alan D. Mathis
JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

Wanda D. Ayers
1420 Pauline Street
New Orleans, Louisiana 70117
(504) 945-8781

Page 6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTICT OF ALABAMA
EASTERN DIVISION

WANDA DENISE AYERS          )
    PLAINTIFF,          )
               )
      V.          )    CIVIL ACTION NO. 3:04CV1002-T
               )
WAL-MART STORES EAST, LLP          )
    DEFENDANT.          )
               )

### Deposition of Plaintiff by
### Defendant Wal-Mart Store East, LLP

Plaintiff will identify ('Wal-Mart") as so preferred as stated in the Answer to Amended
Complaint as Wal-Mart Stores East, LP in the following Amended Complaint Response:

    Plaintiff as ordered by the courts on the 25 of January 2005, to have a deposition
by defendant.

In a recap of the conference held on the on January 25 after the Judge dismissed the
scheduling conference.

1) Attorney for the defendant stated that if there is a Wal-Mart in the state of the
residence of the Plaintiff the Plaintiff would not have to leave her state, but
the deposition could be done in New Orleans.

2) Attorney for the defendant stated that it is also probable that the Plaintiff
would take the deposition over the phone.

3) The Plaintiff is requesting that the Attorney verify and uphold the statements
made in the after conference which the Judge requested that both parties meet
and come to agreement.

4) The Attorney for defendant called the Plaintiff stating that the deposition will
now be held in Montgomery.

Exhibit 1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served by United States Mail, via first-class, postage and properly addressed on this, the 11 day of April 2005:

Vanzetta Penn Mepherson
United States Magistrate Judge
The United District Court
Middle District of Alabama Eastern Division

Jennifer F. Swain
Alan D. Mathis
JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

*Nardc D. Ju___*
*1420 Paulen Street*
*)L O. La. 70117*
*(504) 945.8781*

Page 3

*Ex (1)*

# JohnstonBarton

Johnston Barton Proctor & Powell LLP

2900 AmSouth/Harbert Plaza

1901 Sixth Avenue North

Birmingham, Alabama 35203

Telephone: (205) 458-9400

Fax: (205) 458-9500

**www.johnstonbarton.com**

Alan D. Mathis
Direct Dial (205) 458-9475
E-Mail Address: adm@jbpp.com

May 9, 2005

**Via U.S. Mail**

Ms. Wanda Denise Ayers
1420 Pauline Street
New Orleans, Louisiana  70117

> **Re:**   **Wanda Denise Ayers v. Wal-Mart Stores East, LP**
> **In the United States District Court, For the Middle**
> **District of Alabama, Eastern Division**
> **Civil Action No. 3.04CV1002-T**

Dear Ms. Ayers:

I am in receipt of your submission to the Court dated April 11, 2005 in which you complain to the Court that I have not upheld certain statements about the location and method of your deposition.  It is obvious from your allegations that there has been a miscommunication.

As an initial matter, I was surprised to see that you are unwilling to be deposed in Montgomery, since you did not express any objection to me when we discussed your availability for deposition in our telephone conversation of April 11.  More importantly, however, I never told you that your deposition could be taken in New Orleans, nor did I tell you that your deposition could be taken over the phone.  If you are confused by any of our future communications, please feel free to discuss your concerns with me before making misrepresentations of my statements to the Court.

You chose to file your complaint against Wal-Mart in Alabama, not Louisiana.  If you will not agree to be deposed in Montgomery (the venue of your choice), Wal-Mart will file a motion to compel your appearance for deposition in Montgomery.

Exhibit 2

Ms. Wanda Denise Ayers
May 9, 2005
Page 2 of 3

We are available to take your deposition in Montgomery on June 7, 8, 9, 14, 15 or 16. At your earliest convenience, please let me know if you are available on any of these dates.

Sincerely,

Alan D. Mathis
One of the Attorneys for
Defendant Wal-Mart Stores East, LP

ADM/vht

W0507342.DOC

Ex(2)

May 20, 2005


Wanda Denise Ayers
1420 Pauline Street
New Orleans, Louisiana 70117

Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203

> Re:    **Wanda Denise Ayers v. Wal-Mart East, LP**
> **In the United States District Court, for the**
> **Middle District of Alabama, Eastern Division**
> **Civil Action No. 3.04CV1002-T**

Dear Mr. Mathis,

I have no complains at all just a statements that was made by Mr. Alan D. Mathis, as usual both Wal Mart the Employer and the representative of Wal Mart have stated information that is misleading and given a response to be deceptive.

No, it is you that must be confused because as you so often stated or rather preferred to be addressed as Wal Mart East. LP and as you so preferred to be addressed the state of Louisiana is a part of that division of the company that have been served. No matter where the company is served it is the company that have to address the issues that has been mishandled in that division and whatever questions you may have it can be done over the phone as stated by you in our conversation in the meeting on January 25, 2005, if you do not agree that it can be taken in New Orleans as you stated?

However, It has been noted that Wal Mart cannot keep their story straight and if it would keep the confusion down on your behalf I will agree to meet with you. Since you have been inconsistent in relating information so from now on all of your response to me will be by letter. I will made arrangement s from the dates listed in the letter received on May 9, 2005 and I will inform you of that date in the form of a letter.

If you should have any question please feel free to contact me by letter.

Thank you,

*Wanda D. Ayers*

Wanda D. Ayers
*This is the Address where I can be reached*
Wanda D. Ayers
1420 Pauline Street
New Orleans, Louisiana 70117


Exhibit (3)

# JohnstonBarton

Johnston Barton Proctor & Powell LLP

2900 AmSouth/Harbert Plaza

1901 Sixth Avenue North

Birmingham, Alabama 35203

Telephone: (205) 458-9400

Fax: (205) 458-9500

**www.johnstonbarton.com**

Alan D. Mathis
Direct Dial (205) 458-9475
E-Mail Address: adm@jbpp.com

June 6, 2005

**<u>Via Federal Express</u>**

Ms. Wanda Denise Ayers
1420 Pauline Street
New Orleans, Louisiana  70117

> Re:   **<u>Wanda Denise Ayers v. Wal-Mart Stores East, LP</u>**
> **In the United States District Court, For the Middle**
> **District of Alabama, Eastern Division**
> **Civil Action No. 3.04CV1002-T**

Dear Ms. Ayers:

Pursuant to our telephone conversation earlier today, this letter is to confirm that you do not plan to appear for deposition at 10:00 a.m. on Thursday, June 9, at the law office of Capell & Howard in Montgomery, Alabama, as stated in the Notice of Deposition sent to you on May 25, 2005.

Your refusal to appear for deposition in Montgomery and your insistence on a telephone deposition are unacceptable. If you continue to be uncooperative, we will file a motion with the Court to compel your appearance for deposition in Montgomery in a timely manner.

If I have misunderstood your intentions and you are planning to appear for deposition as stated in the Notice of Deposition dated May 25, 2005, please let me know immediately.

Sincerely,

Alan D. Mathis
One of the Attorneys for
Defendant Wal-Mart Stores East, LP

W0512877.DOC



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WANDA DENISE AYERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.: 3:04cv1002-T** |
| **v.** | ) | |
| | ) | |
| **WAL-MART CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that the deposition of **Wanda Denise Ayers** will be taken upon oral examination before an officer authorized by law to administer oaths, in accordance with the provisions of Rule 30 of the Federal Rules of Civil Procedure. Said deposition will be taken at the law office of Capell & Howard, P.C., 150 South Perry Street, Montgomery, Alabama 36104-4045, commencing on **Thursday, June 9, 2005 at 10:00 a.m.** The examination shall continue from day-to-day until completed.

_____
Jennifer F. Swain
Alan D. Mathis
Attorneys for Defendant
Wal-Mart Stores East, LP

**OF COUNSEL:**

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

Exhibit (5)

June 9, 2005


Wanda Denise Ayers
1420 Pauline Street
New Orleans, Louisiana 70117


Mr. Alan Mathis
Johnson Barton Proctor & Powell LLP,
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Al 35203-2618

    Re:  **Wanda Denise Ayers v. Wal-Mart East, LP**
       **In the United States District Court, for the**
       **Middle District of Alabama, Eastern Division**
       **Civil Action No. 3.04CV1002-T**

**Mr. Mathis:**

   This is a prime example of the type of misconception that has been displayed by you, and the inconsistence in the information that has been related by letter. Your, letter states that these are the dates available 7, 8, 9 and 14, 15, 16, which the fourteen day of June has been accepted.

   But I must inform you that the arrangements of disposition on the dates listed on your original letter has been accepted and I have arrange to meet with you on the <u>14, of June 2005</u>.

   However, if you cannot meet with me on the 14th of June I will not be available until the second week of August. So, please do not made any other arrangements before the first week of August.

   I must inform you that the phone number you have for me was given to you in a means to contact me but this is my mother's residence so please do not call her home again and **<u>insulate her with your accusations</u>**. My mother is 74 years old and she have every right to answer her own phone and not be question by you are any one else in regards to my personal business. **<u>This is the kind of actions that took place in Alabama that had her so up set that she had to be place into the hospital.</u>**

   I made a request that you write to me with any information that you may need to relate and **this is a firm request <u>do not call</u>, you have only one acknowledgement of your own words and that is for a phone deposition as stated by you**. For no other reason should you call my mother's home. Contact Address: 1420 Pauline Street. New Orleans, LA 70117

Sincerely,

*Wanda Ayers*

The Plaintiff
Wanda D. Ayers


Exhibit (6)

June 14, 2005

Wanda Denise Ayers
1420 Pauline Street
New Orleans, Louisiana 70117

Johnson Barton Proctor & Powell, LLP
Attention: Attorney Alan D. Mathis
2900 AmSouth/Habert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203

**Re:**    **Wanda Denise Ayers v. Wal-Mart East, LP**
**In the United States District Court, for the**
**Middle District of Alabama, Eastern Division**
**Civil Action No. 3.04CV1002-T**

Dear Mr. Mathis:

I did not receive your responses for the June 14 date for disposition, however I was informed by my mother that you called as I related to you in my previous letter which you made insinuations that my mother was lying when she informed you that she was not me which your statements to her was "that she was in fact me on the telephone because you knew my voice and that you have spoken to me on several occasions."

I must also inform you that this happens to my mother, my daughter and myself often but never had we had anyone to call us a liar once we confirm who we was. As I stated in my letter to you this is not acceptable and my request was that you not call and that you relate all information in letter.

If you do not response to my request to come to some grounds of agreement about the time, dates and place of the disposition in written agreement by both parties we cannot and will not meet blindly.

Until I receive a response listing what is required of me other then an unlimited statement that seems endless. I know that Capell & Howard, P. C., have taken dispositions on a regular bases and should have an estimate time by the number of question involved. I would expect that it may very one-way or the other but such dispositions have been taken and there should have some record stating the time.

If you should have any question please feel free to contact me by letter.

*Wanda D. R____*

Wanda D. Ayers

Exhibit (7)

## IN THE UNITED STATES DISTICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **WANDA DENISE AYERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **CIVIL ACTION NO.** |
| | ) | **3:04cv1002-T** |
| **WAL-MART STORES EAST, LP** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### <u>ADMEMED TO NOTICE OF DEPOSITION</u>

Once again the defendant have shone the inconsistence in relating written request in the same manner as relating verbal information. A letter was mailed to the Plaintiff asking that Ms. Ayers choose a date in which she could meet with the Defendant's Attorneys which seem to be a fair assumption that Ms. Ayers would be able to made arrangements on the dates stated in the letter. However, this was not the case and there is no fairness in the request that not only states the date but have no reasoning in that states there may be a day-to-day stay.

The information in the letter is requesting that Ms. Ayers meet with the defendant for an unlimited amount of time. Ms. Ayers will meet with you but she must know the time and days required of her to make arrangements accordingly. This is an Unfair and partial request on your behalf. Ms. Ayers do not live in the state of Alabama and she would need to arrange travel and overnight stay if required. I have already made arrangements to meet on the __14__ of June 2005 as requested in the initial letter.

### This request is that your information be more <u>precise</u>:

The number of hours in which we will meet each day
The numbers of days in which the examination will take place
Ms. Ayers is requesting that the meeting take place at the Civil District Court in Montgomery at One Church Street.

_Wanda D. Ayers_
Wanda D. Ayers
1420 Pauline Street
New Orleans, Louisiana 70117
(504) 945-8781

Exhibit (8)

## CERTIFIED OF SERCVICE

I hereby certify that the above and foregoing has been served by the United States mail, vi first-class, postage and properly addressed on this, ___2___ day of June 2005.

Alan D. Mathis
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203

Ex (8)

# JohnstonBarton

Johnston Barton Proctor & Powell LLP

2900 AmSouth/Harbert Plaza

1901 Sixth Avenue North

Birmingham, Alabama 35203

Telephone: (205) 458-9400

Fax: (205) 458-9500

**www.johnstonbarton.com**

Alan D. Mathis
Direct Dial (205) 458-9475
E-Mail Address: adm@jbpp.com

June 17, 2005

**Via Federal Express**

Ms. Wanda Denise Ayers
1420 Pauline Street
New Orleans, Louisiana 70117

> Re: **Wanda Denise Ayers v. Wal-Mart Stores East, LP**
> **In the United States District Court, For the Middle**
> **District of Alabama, Eastern Division**
> **Civil Action No. 3.04CV1002-T**

Dear Ms. Ayers:

On May 3, 2005, I sent you a letter providing several dates from which to choose for your deposition in Montgomery. Because I had not heard from you, on May 25, 2005, I sent you a Notice of Deposition setting your deposition for June 9, 2005 at 10:00 a.m. in Montgomery.

You indicated to me during a telephone conversation on June 6, that you would not be coming to Montgomery on June 9. On June 7, 2005, I received a letter from you stating that you had made arrangements to be available for deposition in Montgomery on June 14. Unfortunately, because of the delay in your response to our original letter, we were no longer available on June 14.

I am in receipt of your letter dated June 9, 2005, in which you state that you will not be available for deposition until the second week of August. This is not acceptable. The dispositive motion deadline in this case is July 28, 2005. Accordingly, we will need to take your deposition prior to that date.

We are available to take your deposition on Friday, June 24, in Montgomery. We do not anticipate that the deposition will take longer than that day, but if it does we will work with you to schedule the remainder of the deposition for a mutually agreeable date and time.



Exhibit (9)

Ms. Wanda Denise Ayers
June 17, 2005
Page 2 of 3

Please let me know immediately whether you will be available for deposition in Montgomery on June 24.

Sincerely,

Alan D Mattis

Alan D. Mathis
One of the Attorneys for
Defendant Wal-Mart Stores East, LP

W0513536.DOC

Ex (9)

June 20, 2005

Wanda Denise Ayers
1420 Pauline Street
New Orleans, Louisiana 70117

Mr. Alan Mathis
Johnson Barton Proctor & Powell LLP,
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Al 35203-2618

    **Re:**  <u>**Wanda Denise Ayers v. Wal-Mart East, LP**</u>
       **In the United States District Court, for the**
       **Middle District of Alabama, Eastern Division**
       **Civil Action No. 3.04CV1002-T**

**Mr. Mathis:**

    **I will make arrangements to meet with you as stated in your letter. If an emergence should arise I will contact you either by phone or over night mail.**

Thank you,

*Wanda D. Ayers*

Wanda D. Ayers

*Exhibit (10)*

To Whom It May Concern:

On this day June 24, 2005, Wanda Denise Ayers, plaintiff vs. Wal-Mart Corporation, defendant, Civil Action No. 3:04cv 1002-T appeared at Capell Howard, P.C. at 10:00 Am for depositions.  Alan D. Mathis and Jennifer F. Swain attorneys for dependant did not appear.

*Roxie Bethea*

Roxie Bethea
Receptionist
Capell & Howard, P. C.
150 S. Perry Street
Montgomery, AL 36104

Exhibit (11)

June 24, 2005


Wanda Denise Ayers
1420 Pauline Street
New Orleans, Louisiana 70117


Mr. Alan Mathis
Johnson Barton Proctor & Powell LLP,
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Al 35203-2618

> **Re:**    **Wanda Denise Ayers v. Wal-Mart East, LP**
> **In the United States District Court, for the**
> **Middle District of Alabama, Eastern Division**
> **Civil Action No. 3.04CV1002-T**

**Mr. Mathis:**

From the original NOTICE OF DEPOSITION from the defendant's Attorney Alan D. Mathis there have been reasons for clarity. I was requested to meet on Thursday, June 9, 2005 at 10:00 a. m. The next statement needed to be clear on the exact amount of days of the examination that was stated that it should continue from day-to-day until completed. All letters are enclosed that has been corresponded concerning the arrangement of Deposition.

On Friday, June 24, in agreement with the letter that was mailed on June 20, which states that Wanda Denise Ayers will comply to the request made by Mr. Mathis. At a financial burden the plaintiff did applied to all request made of her once some clarity was given to the amount of time and days. When the plaintiff arrived at the office of Capell & Howard, P. C. 150 South Perry Street, Montgomery, Alabama for 10:00 a. m. no one had any information on such an arrangement. None of the receptions knew either of the Attorneys for the defendant Wal-Mart East, LP. but was so kind enough to assist in a search to clear up such an over sight.

The receptionist called and email all the Attorneys in the office and finally found someone that knew about the arrangement for June 9, but no other arrangements where made for Friday, June 24. The receptionist could not get in contact with any of the Attorneys for the defendant and it was stated that Mr. Mathis was out of the office or off on the day that he made arrangements to meet with the plaintiff.

Exhibit (12)

The plaintiff cannot repeat this over sight of the defendant's Attorneys. To apply with the June 24 arrangement the plaintiff son rented a car took off from work to accompany the plaintiff due to the fact that the rental car is his sole responsibility. The cost of gas and travel is not at a stable market and the response at the door was not a welcome mat.

The plaintiff telephone the Attorney that was present at the office Jennifer F. Swain but her answering service picked up. The plaintiff left a message stating that she would stay and wait before leaving town for fifteen to twenty minutes awaiting a response if they still would like to take the deposition. The plaintiff was in town for two hours and no one return the plaintiff call.

The plaintiff singed in at the court on June 24, at 12:noon in an attempt to submit some docments to the clerck of court. The plaintiff also asked that the receptionist at the office of Capell & Howard, P. C. to supply a brief statement that she was at the office as requested by the defendant Attorney Mr. Alan Mathis.

Thank you,

Wanda D. Ayers

