IN THE UNITED STATES DISTCICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WANDA DENISE AYERS, ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | 3:04cv1002-T |
| WAL-MART STORES EAST, LP ) | |
| ) | |
| **Defendant.** ) | |

## NOTICE CONCERNING SETTLEMENT CONFERENCE AND MEDIATION

The Defendant has received an extension. According to the extension this notice is based on that extension and the date that the information was submitted to the Plaintiff given only one day to response. In regards to the Defendant the fact that the information that is stated is not submitted with supported evidence and documented facts. This is a notice concerning settlement conference and mediation.

### I. INTRODUCTION ACCORDING TO DOUCMENTED FACTS

There are documented facts of genuine material evidence to address all claims filed by the Plaintiff to support a prima facie case of (1) age discrimination, (2) race discrimination, (3) retaliation, and (4) constructive discharge. The Defendant has no evidential support and the oral statements of declaration do not have any genuine material document to support the statements made. For that reason the Summary Judgment cannot be supported by the profuse collection of legal documents alone.

The claim of age discrimination is supported by the admitted statement made by the Defendant along with the written words that are in the Wal-Mart Handbook which have been submitted as documented facts of genuine material evidence. Those words are established as the voice and guideline for management as well as associates to follow. Additional evidence has been submitted in the Production of Documents. These Documents are facts not speculation, or conclusory allegations, nor an abundance of legal conclusions. The Defendant information is not consistent, and therefore is not reliable.

(1) The Defendant **Admits**: That all applicants are **under the age of 40 years**. (ANSWER TO AMENDED COMPLAINT Page 2, (h).

(2) The Defendant: Wal-Mart has shown a racial **unbalance** in the selection for the MTP.

(3) The Defendant has Fail: Wal-Mart cut the Plaintiff hours without informing her of a static change from full-time employment. The Defendant admits the frailer to pay the Plaintiff the vacation and sick pay.

(4) The Defendant: Wal-Mart cut hours will support constructive discharge from the period of December 2003– March 2004 random cuts was made that forced the Plaintiff financial condition to be at a strain forcing the Plaintiff into a state of financial hardship and the state homelessness.

The Plaintiff charge is supported by documented evidence of material facts, as the foregoing matter has been overlooked by the Defendant such as the employment contract between Plaintiff and Defendant, which both parties agreed that the Plaintiff was a continuing student. Document to support this oversight are submitted in the Production of Documents of the Plaintiff's employment application. All claims made by the Plaintiff have documental support not statements of affidavits un-supported by material facts or documented evidence. The underlining factor of the Defendant's inability to state truth will enforce the issues that all statements made should be supported with material facts or documented evidence. (Exhibit 24)

**Respectfully presented to the court all documented evidence and material facts to support the**

**Addressing** (1) Plaintiff has despite all allegation of the Defendant and has show in evidence that Wal-Mart show not good faith, is in consistence and deliberately tried to defraud the truth, the Defendant asked the Plaintiff to response before August 4, 2005 the only gave the Plaintiff one day to response and review all allegations.

**Addressing** (2.) The Plaintiff did not give a full date or stated that the situation was in January those days were stated in regards to her mother's sickness not the situation with all that occurred around and doing the time of the complaint. These occurrences happen from October until early November. There were more then one occurrences and it started right after the store received the complaint in October. Mr. Clark and Mr. Dorn were fully aware of the complaint but the Plaintiff stated that she did not tell anyone about it. The Plaintiff did not furnish information at the end but at the very start, which support all claims. Mr. Clark statement or coached which the plaintiff have proof these statements were made to the police at the time of the offence. Mr. Clark was the only individual other then the Plaintiff at her house when the vase was stolen the vase was invaluable to Mr. Clark as stated to the police. This is the Defendant last attempt to defraud the facts. The Plaintiff computer was not even in Alabama in January. The Plaintiff pack the computer up and brought it to New Orleans because of the tampering.

**Addressing** (3). The Plaintiff would not be able to pay her obligation on part-time static and a check for .75 will confirm the Plaintiff charge.

**Addressing** (4) The Defendant Wal-Mart information is not clear or consistence the information therefore cannot be used if it is not consist. The day is determined from the date the Plaintiff is officially notified and not just the submission that cannot be determined by the information submitted.

**Declaration Statements are Unsupported**: Sherman Alexander has shown conflict and the inability to state the truth as a member or management. The Plaintiff statement does not waver and is consistent and Plaintiff performance or annually evaluations will verify, such statements reported by members of Wal-Mart shows statement of deceptiveness, reprisal, speculation and basic. (Exhibit13, SUM.) (See Answer To Amended Complaint) pg. 4 and (Answers To Complaint) pg. 6. None of the Declaration statements are supported with any original documents at the initial complaint just a last attempt to defer the truth.

Page 2

## CONCLUSION

The Defendant's inability to stat truth alone has shown and established a *prima facie* case of discrimination both in race and age for all 2003 MTP application periods for which the Plaintiff has applied. The Plaintiff has established a *prima facie* for both the retaliation and the constructive discharge. Moreover, the Plaintiff's motion for summary judgment is based on sound evidences, answers to interrogatories, and admissions on file supports the fact that Defendant's inability to state true facts, and illegally tampering with via computer documents, and Defendant's admission establish a *prima facie* case for trial. However, the Defendant motion for summary judgment is based on nothing more than speculation, conclusory allegation, and profuse legal conclusions, and has therefore tried to cover up their actions by tampering with via computer files, reporting information that is deceitful to both Federal courts and State Agency, and last moment affidavits of speculations, that can not be supported with any legal documents of evidence or any authenticated documents to support there statements. Respectively, Motion for Summary Judgment should be granted to the Plaintiff as a matter of law.