**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **WANDA DENISE AYERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No.:  3:04cv1002-T |
| **v.** ) | |
| ) | |
| **WAL-MART CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT**
**WAL-MART STORES EAST, LP'S**
**MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Nothing in Plaintiff's opposition brief helps her to avoid summary judgment. Indeed, Plaintiff cannot even establish a *prima facie* case of either race or age discrimination. Plaintiff has not met her burden of proof regarding the timeliness of her claim based on her February 27, 2003, Management Training Program ("MTP") application. To the contrary, the only evidence before this Court is that this claim is untimely. Additionally, it remains undisputed that no one was selected to the MTP from the July 2003 and October 2003 application periods.

With respect to her retaliation claim, Plaintiff has failed to establish that the alleged retaliatory acts were adverse employment actions and that they were causally related to the filing of her EEOC charge. Her claim of constructive discharge fails for similar reasons. Wal-Mart's motion for summary judgment is due to be granted.

II.     ARGUMENT

    A.     **Plaintiff Cannot Establish A Prima Facie Case Of Race Or Age Discrimination**

        1.     **Plaintiff's Claim Regarding Her February 27, 2003, MTP Application Is Untimely.**

It is Plaintiff's burden to prove that all conditions precedent to filing suit, including the condition that she timely filed a charge with the EEOC, have been met. Maynard v. Pneumatic Products Corp., 256 F.3d 1259, 1262 (11th Cir. 2001) (dismissing claim under Americans with Disabilities Act where plaintiff failed to prove that he timely filed a charge of discrimination with EEOC). Plaintiff has failed to meet this burden.

Plaintiff has offered no evidence to dispute Debra Davidson's sworn statement that she informed Plaintiff of her non-selection prior to April 5, 2005. (Exh. A p. 131, lines 2-10; Exh. D ¶ 3-5; Exh. B ¶ 6). Consequently, Plaintiff's claim regarding her February 27, 2003, application was not timely filed with the EEOC and is due to be dismissed. See Sanders, 319 F. Supp. 2d at 1310 (M.D. Ala. 2004) ("[T]he limitations period begins to run when an employee received notice of the allegedly discriminatory act, not when the consequences of the decision become painful to the employee.")

In her deposition, Plaintiff testified that she was informed of her non-selection to the MTP "in like April." (Ex. A p. 131, lines 5-7). In her opposition brief, Plaintiff now asserts that she was informed in "late April." (Opp. Brief, p. 11). Although much of Plaintiff's opposition brief is difficult to interpret, it appears that she claims she was informed of her non-selection on April 29, 2003. (Opp. Brief, p. 3) ("The Plaintiff claim is for the time her Application was official acknowledged, which is April 29 this will support that the Plaintiff has fulfilled all conditions precedent . . .").

Plaintiff filed her charge of discrimination with the EEOC on October 27, 2003. (Exh. A p. 197, lines 6-20, Exh. 9). Accordingly, any allegations of unlawful employment practices occurring before April 30, 2003, are untimely and are due to be dismissed. See Sanders v. City of Montgomery, 319 F. Supp. 2d 1296, 1310 (M.D. Ala. 2004) ("[I]f a plaintiff fails to file an EEOC charge before the 180-day limitations period, the plaintiff's subsequent lawsuit is barred and must be dismissed for failure to exhaust administrative remedies."). Thus, even if Plaintiff learned of her non-selection on April 29, 2003, her claim remains untimely.

Plaintiff also refers to an April 2003 MTP application. (See Opp. Brief, pp. 11-12). However, it is undisputed that Plaintiff did not apply during the April 2003 MTP application period. Rather, Plaintiff submitted only three applications to the MTP. (See Compl. p. 1; Exh. A p. 127, lines 10-18; p. 143, lines 12-15; p. 152, lines 17-20). It is undisputed that these MTP applications were submitted on February 27, 2003, (Exh. A p. 127, lines 10-18; Exh. B ¶ 6; Plaintiff's Motion for Summary Judgment p. 2), July 21, 2003, (Exh. A p. 143, lines 12-15; p. 198, lines 11-15; Exh. B ¶ 7), and October 23, 2003 (Exh. A p. 152, lines 17-20; Plaintiff's Motion for Summary Judgment, p. 2). None of these alleged applications fall within the April 2003 MTP application period. (Exh. A p. 127, lines 16-18; Exh. B ¶ 6-8).

In light of the fact that Plaintiff did not apply during the April 2003 MTP application period, her contention that the alleged acts of discrimination occurred "from the time that Amanda Dodd was selected and the Plaintiff's application, which was not selected or interviewed" is unavailing. Even the unauthenticated documents upon which Plaintiff relies show that Amanda Dodd applied to Wal-Mart's MTP during the April 2003 application period. Accordingly, whether Amanda Dodd was selected for the MTP is irrelevant.

### 2. It Remains Undisputed That No One Was Selected For The MTP From The July 2003 And October 2003 Application Periods

Plaintiff does not dispute the fact that no one was selected to the MTP from the July 2003 and October 2003 application periods. Plaintiff was apparently disappointed that she was not informed that there were no vacancies during these periods as soon as she would have liked; however, Plaintiff's disappointment is not sufficient to state a claim for employment discrimination. To establish a prima facie case of age or race discrimination, Plaintiff must show, among other things, that the position for which she applied was filled by someone outside of the protected class to which Plaintiff belongs. See Vessels v. Atlanta Independent Sch. Sys., 408 F.3d 763, 768 (11th Cir. 2005); Petrosino v. Bell Atlantic, 385 F.3d 210, 226 (11th Cir. 2004); see also Kelliher v. Veneman, 313 F.3d 1270, 1275 (11th Cir. 2002). Because it is undisputed that no one was selected to the MTP from the July 2003 and October 2003 application periods, Plaintiff cannot establish a *prima facie* case of discrimination and her claims fail as a matter of law. Indeed, Plaintiff recognizes this in her opposition brief when she states, "if the Plaintiff had just applied and no one was selected with in [sic] the 180…day [sic] time period the Plaintiff then would not have a claim." (Opp. Brief, p. 11).

### 3. Plaintiff Has Not Offered Admissible Evidence To Oppose Wal-Mart's Motion For Summary Judgment

Plaintiff's opposition brief, like her motion for summary judgment, is long on speculation and conclusory statements, and short on supporting evidence. Pursuant to Rule 56(e), "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In light of the requirements of Rule 56(e), the Eleventh Circuit "has consistently held that conclusory allegations without specific

4

supporting facts have no probative value." Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985). Similarly, legal conclusions submitted in opposition to summary judgment should be disregarded. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991) ("The evidence presented cannot consist of conclusory allegations or legal conclusions.").

Like the motion for summary judgment filed by Plaintiff, her opposition to Wal-Mart's motion for summary judgment is not accompanied by any admissible supporting evidence; it is neither supported by sworn statements nor authenticated documents. Plaintiff's opposition contains nothing more than speculation, conclusory allegations, and legal conclusions and, therefore, has no probative value. "In opposing summary judgment, it is incumbent upon the nonmoving party to 'set forth specific facts *showing* that there is a genuine issue for trial.' This may be difficult for litigants proceeding pro se on claims involving complicated legal analysis, but it is a minimum requirement nonetheless." Merit v. Southeastern Penn. Transit Auth., 315 F. Supp. 2d 689, 709 (E.D. Pa. 2004).

### B.  Plaintiff's Retaliation Claim Fails As A Matter Of Law

Plaintiff's failure to show that there is a genuine issue for trial is particularly apparent with respect to her retaliation claims. In her opposition brief, Plaintiff simply restated her allegations of retaliation (see, e.g., Opp. Brief, pp. 6-7, 12-13), and does not even attempt to respond to the arguments set forth in Wal-Mart's summary judgment brief. As discussed above, this is insufficient to defeat summary judgment.

Plaintiff cannot demonstrate that the intricate web of espionage and conspiracy that she claims constitutes retaliation ever actually occurred, much less that it had anything to with her employment at Wal-Mart. Plaintiff's opposition brief does nothing to establish, for example, that neighborhood children failing to deliver Christmas merchandise constitutes an adverse

employment action, or was causally related to the filing of her EEOC charge. See Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002) (stating that plaintiff must show that: "(1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression.").

Plaintiff claims that she was retaliated against when Danny Dorn called her on September 11, 2003. (Opp. Brief, p. 6, 13; Exh. A p. 288, lines 21-23 to p. 289, lines 1-3). This call was allegedly received more than a month before Plaintiff submitted her charge to the EEOC on October 27, 2005. (Exh. A Exh. 9). Logically, retaliation can only occur after the plaintiff has participated in protected activity. See Pipkins v. City of Temple Terrace, 267 F. 3d 1197, 1201 (11th Cir. 2001) (no causal connection where alleged retaliation began before the plaintiff's protected expression); Webb v. Cardiothoracic Surgery Associates, 139 F. 3d 532, 540 (5th Cir. 1998) (no causal link and summary judgment affirmed on retaliation claim where rude treatment of the plaintiff began prior to her complaint of sexual harassment). Plaintiff's retaliation claim is premised on faulty logic and speculative theories, entitling Wal-Mart to summary judgment as a matter of law.

Plaintiff additionally asserts as part of her retaliation claim, that she did not receive vacation and sick pay when she was on her leave of absence. As an initial matter, Plaintiff has adduced no evidence that she was actually entitled to vacation and sick pay during that period. In any event, whether Plaintiff was actually entitled to vacation and sick pay is irrelevant for purposes of her retaliation claim because she has not established any causal link between the filing of her EEOC charge and the alleged failure to pay her for vacation and sick time.

Plaintiff is basing her retaliation claim on the fact that the alleged retaliatory conduct occurred after she filed her charge. (Opp. Brief, p. 13) ("All actions occurred not before but

6

during and directly related to the protected expression."). However, pursuant to Wal-Mart policy, associates on leave are entitled to vacation and sick pay only if it is requested. (Exh. C ¶ 8). Plaintiff does not claim that she requested a check for her unused vacation and sick pay until August 10, 2004, more than nine months after her charge of discrimination was filed. (Exh. A p. 94, lines 11-14; p. 95, lines 7-10). This nine-month delay does not allow a reasonable inference of causal relation to the filing of Plaintiff's EEOC charge as a matter of law. See Higdon v. Jackson, 393 F.3d 1211, 1220-21 (11th Cir. 2004) (holding that a three-month delay between alleged retaliation and protected expression "does not allow a reasonable inference of a causal relation."); Meiners v. Univ. of Kansas, 359 F.3d 1222, 1231 (10th Cir. 2004) (finding a three-month lapse between the Plaintiff's protected activity and the adverse employment action "too far apart . . . to establish causation by temporal proximity alone"); Parks v. City of Chattanooga, 74 Fed. Appx. 432, 438 (6th Cir. 2003), cert. denied, 541 U.S. 963, 124 S.Ct. 1721 (2004) (where plaintiff's only evidence of causation was a two-month temporal proximity between her protected conduct and an adverse employment action, she could not support an inference of retaliation); Hughes v. Derwinski, 967 F.2d 1168, 1174-75 (7th Cir. 1992) (noting that four-month time lapse between protected activity and adverse employment action was insufficient to demonstrate causation).

      C.     **Plaintiff's Constructive Discharge Claim Is Meritless**

Because Plaintiff has failed to establish a *prima facie* claim of retaliation, her constructive discharge claim likewise fails. It is well established that the standard for proving constructive discharge is higher than the standard for proving underlying hostile environment or retaliation claims. See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1231 (11th Cir. 2001), cert. denied, 534 U.S. 1127 (2002); Woods v. Delta Beverage Group, Inc., 274 F.3d 295, 301

7

(5th Cir. 2001); Hernandez-Torres v. Intercontinental Trading, Inc., 158 F.3d 43, 48 (1st Cir. 1998) (holding that plaintiff's constructive discharge claim fails because he did not succeed on predicate hostile environment claim).  That the conduct about which Plaintiff complains is insufficient to state a claim for retaliation eliminates any possibility that she can demonstrate constructive discharge.

Additionally, Plaintiff makes clear in her opposition brief that she did not take a leave of absence or fail to return from her leave of absence because her working conditions were intolerable.  To the contrary, she states that she requested the leave of absence to "care for her mother who took ill at her residence . . .," and that she was unable to return to work after her leave of absence expired "due to her mother['s] continual illness." (Opp. Brief, p. 5).  Obviously, there can be no constructive discharge when an employee is motivated by reasons other than intolerable and illegal discrimination.  See, e.g., Cole v. May Dep't Stores Co., 109 Fed. Appx. 839, 842 (8th Cir. 2004) (affirming summary judgment on constructive discharge claim where evidence showed plaintiff did not return to work because "she was the only caretaker for her terminally ill daughter, her daughter's four children, and her invalid mother").  Accordingly, Plaintiff's constructive discharge claim is meritless.

### III. CONCLUSION

Plaintiff's opposition brief does nothing to alter the inevitable conclusion that her claims against Wal-Mart fail as a matter of law.  Plaintiff has not established a *prima facie* case as to any of her claims.  Wal-Mart is entitled to summary judgment.

Respectfully submitted this 1st day of September, 2005.

        s/ Jennifer F. Swain
        Jennifer F. Swain
        Bar Number: ASB-7761-I67-J
        Email: jfs@jbpp.com

        s/ Alan D. Mathis
        Alan D. Mathis
        Bar Number: ASB-8922-A59M
        Email: adm@jbpp.com

        Attorneys for Defendant
        Wal-Mart Stores East, LP

**OF COUNSEL:**

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

**CERTIFICATE OF SERVICE**

    I hereby certify the above and foregoing has been served on the Plaintiff, by United States Mail, first-class, postage-prepaid and properly addressed on this, the 1st day of September, 2005:

Wanda Denise Ayers
1420 Pauline Street
New Orleans, Louisiana 70117

                                              s/ Alan D. Mathis
                                              Of Counsel

W0523275.DOC