**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WANDA DENISE AYERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:04CV1002-T** |
| **vs.** | ) | |
| | ) | |
| **WAL-MART STORES, EAST, LP** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S OBJECTIONS TO PORTIONS OF THE**
**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.      Introduction**

On October 7, 2005, Magistrate Judge McPherson ("the Magistrate") issued a report recommending that the Plaintiff's motion for summary judgment be denied and that Wal-Mart's motion for summary judgment be granted in part and denied in part. Specifically, the Magistrate found that Wal-Mart's motion should be denied with respect to the Plaintiff's claim that Wal-Mart discriminated against her on the basis of her age and race when it did not select her for an interview or promotion in connection with her February 27, 2003 application to Wal-Mart's Management Training Program ("MTP").

As discussed below, Wal-Mart objects to the Magistrate's recommendation that Wal-Mart's motion for summary judgment be denied as to the Plaintiff's February 27, 2003 application for the MTP because the Plaintiff has failed to meet her burden of proving that she filed with the EEOC a timely charge of discrimination with respect to her February 27, 2003 MTP application.  The Plaintiff's discrimination claim related to her February 2003 application is in the same "sea of bad faith" that, as the Magistrate recognized, immersed the rest of her case.  (*See* Doc. # 48, p. 22).

**II.    Specific Objections**

A.    Wal-Mart objects to the Magistrate's finding that the determinations of whether the Plaintiff's letter dated September 20, 2004 constitutes a charge of discrimination and whether the Plaintiff's failure to mention specifically her February 2003 MTP application in charge of discrimination "controls the resolution of the timeliness issue."  It is the Plaintiff's burden to prove that she filed a timely charge of discrimination.  The resolution of the tangential issues listed by the Magistrate are not dispositive of the timeliness issue.

B.    Wal-Mart objects to the Magistrate's finding that the Plaintiff's letter dated September 20, 2004 was clear enough for the EEOC to begin an investigation into the Plaintiff's allegations.

C.    Wal-Mart objects to the Magistrate's finding that the EEOC's response to the Plaintiff's letter dated September 20, 2004 was sufficient to carry the Plaintiff's burden of establishing that the EEOC treated the letter as a charge of discrimination.

D.    Wal-Mart objects to the Magistrate's reliance on the Plaintiff's unsupported allegation that she was informed of her non-selection to the MTP on April 29, 2003.  The only evidence before the Court establishes that the Plaintiff was informed of her non-selection before April 5, 2003.

E.    Wal-Mart objects to the Magistrate's reliance on an inference that the Plaintiff's informal letter dated September 20, 2004 was received by the EEOC "well before 27 October."

### III.    Argument

#### A.    Wal-Mart objects to the Magistrate Judge's finding that there is an issue of material fact as to whether the Plaintiff filed a timely charge of discrimination with respect to her February 27, 2003 MTP application

As discussed below, Wal-Mart objects to the Magistrate's finding that the Plaintiff's letter dated September 20, 2004[1] was treated as a charge by the EEOC. Even if the Magistrate's finding were correct, however, the Magistrate incorrectly determined that this finding raised an issue of material fact as to whether the Plaintiff met her burden of demonstrating that her charge was timely filed. A Plaintiff under both Title VII and the ADEA has the burden of proving all conditions precedent to filing suit, including the condition that she timely filed a charge with the EEOC. *See Maynard v. Pneumatic Products Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001) (dismissing claim under the ADA where plaintiff failed to prove that he timely filed his charge of discrimination with the EEOC); *Jackson v. Seaboard Cost Line R.R. Co.*, 678 F.2d 992, 1010-11 (11th Cir. 1982); *Sanders v. City of Montgomery*, 319 F. Supp. 2d 1296, 1310 (M.D. Ala. 2004) ("[T]his procedural rule is not a mere technicality, but an integral part of Congress' statutory scheme that should not 'be disregarded by courts out of a vague sympathy for particular litigants.'") (quoting *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1994)). She has not met this burden, and her discrimination claim related to her February 27, 2003 application to Wal-Mart's Management Training Program ("MTP") is due to be dismissed.

The date on the Plaintiff's letter was September 20, 2004. However, the Plaintiff has adduced no evidence as to when her letter was received by the EEOC. The Plaintiff

---

[1]    Presumably, the Plaintiff intended the letter to be dated September 20, 2003.

claims that she mailed the letter on September 27, 2003. (Def. Ex. A, p. 197). She testified that the EEOC must have received her letter in October 2003. (Def's Ex. A, p. 26, 197). The EEOC responded to the Plaintiff's letter on October 20, 2003. (Doc. # 4, p. 39). Thus, the only evidence is that the Plaintiff's letter had been received by the EEOC by October 20, 2003. One hundred and eighty days prior to October 20, 2003 is April 23, 2003, and it is undisputed that the Plaintiff was informed of her non-selection well before that date.

The undisputed evidence is that the Plaintiff was informed of her non-selection for the MTP prior to April 5, 2003. (Exh. A p. 131, lines 2-10; Exh. D ¶ 3-5; Exh. B ¶ 6). Although the Plaintiff indicated in her response to Wal-Mart's motion for summary judgment that she first learned of her non-selection on April 29, 2003, there is no evidence to this effect. The only sworn testimony from the Plaintiff as to when she learned of her non-selection is her deposition, wherein she testified that she learned of her non-selection "in like April." (Def's Ex. A, p. 131). The Plaintiff made clear during her deposition that she was unable to be more specific as to when she learned that she had not been selected. (Def's Ex. A, p. 132).

It should be noted that, even if the EEOC received the Plaintiff's letter dated September 20, 2004 substantially before the EEOC's October 20, 2003 response, the Plaintiff has not demonstrated that she filed a timely charge of discrimination. The Plaintiff's deposition testimony establishes only that she learned of her non-selection in April. If, for example, she learned of her non-selection on April 1, 2003, her charge would be untimely unless the EEOC received her letter on or before September 28, 2003.

In light of the Plaintiff's failure to adduce any evidence as to when her letter dated

September 20, 2004 was received by the EEOC and the undisputed evidence that she learned of her non-selection for the MTP prior to April 5, 2003, the Plaintiff has failed to meet her burden of demonstrating that she filed a timely charge of discrimination even if her letter were properly treated as an EEOC charge.    Thus, the Magistrate's recommendation that summary judgment be denied as to the Plaintiff's claim that she was discriminated against with respect to her February 27, 2003 application should not be adopted by the Court, and summary judgment should be granted on this claim as with the others.

**B.    Wal-Mart objects to the Magistrate Judge's finding that the Plaintiff met her burden of proving that the EEOC treated her letter dated September 20, 2004, as a charge**

Even if the Plaintiff could meet her burden of proving that her letter dated September 20, 2004 was filed within 180 days of when she was informed of her non-selection based on her February 27, 2003 MTP application, she has not argued, much less presented sufficient evidence to establish that the EEOC treated her letter as a charge. The Eleventh Circuit has stated that a charge of discrimination serves two significant functions: (1) notice to the employer, and (2) initiation of an EEOC investigation. *Pijenburg v. West Georgia Health Sys.*, 255 F. 3d 1304, 1306 (11th Cir. 2001).  The EEOC did not send notice of Ayers's charge until after it received her formal charge on October 27, 2003, and even then did not include a copy of Ayers's initial letter to the EEOC.  Additionally, Ayers has not presented any evidence showing that the EEOC initiated its investigation before it received the formal charge.

The Magistrate contends that the EEOC treated Ayers's letter as a charge based on the fact that the EEOC completed a formal charge of discrimination for Ayers's review,

acknowledged that Ayers had complained of acts prohibited by Title VII and the ADEA, and assigned a charge number to her letter. (Doc. # 48, p. 11-12). However, the Magistrate's analysis of the EEOC's response to Ayers's letter ends there. The Magistrate discounts the Eleventh Circuit's indication in *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1240-41 (11th Cir. 2004) that failure to provide notice of a charge to the employer is evidence that the EEOC did not treat an informal submission as a charge, relegating it to a footnote. (Doc. # 48, p. 12 n.12).

While the Eleventh Circuit has expressed its reluctance to condition an action for discrimination on the EEOC's performance of its duties (i.e., providing notice to the employer), how the EEOC responds to an informal submission is a factor relevant to the court's determination of whether that informal submission constitutes a charge of discrimination. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1319-20 (11th Cir. 2001). This is not a situation in which the EEOC failed to perform its duties. The EEOC did provide notice of Ayers's charge to Wal-Mart after her formal charge was filed on October 27, 2003. That the EEOC provided notice to Wal-Mart after it received a formal charge, but did not when it received Ayers's initial letter demonstrates that it did not treat the initial letter as a charge and had not yet begun an investigation of Ayers's allegations. *See Bost*, 372 F.3d at 1240-41 (11th Cir. 2004) (noting that EEOC sent notice of charge only after formal charge was received and holding that plaintiff's intake questionnaire did not constitute charge of discrimination).

Ayers did not argue in her brief in support of her motion for summary judgment or in her brief in opposition to Wal-Mart's motion for summary judgment that the EEOC treated her letter dated September 20, 2003 as a charge of discrimination. Moreover, the

evidence before the Court is not sufficient to establish that the EEOC treated Ayers's informal letter as a charge. Ayers has therefore failed to meet her burden of fulfilling all conditions precedent to filing suit with respect to her February 27, 2003 MTP application and her discrimination claim based on that application should be dismissed.

## IV.    Conclusion

For the foregoing reasons, Wal-Mart objects to the portion of the Magistrate's report recommending that Wal-Mart's motion for summary judgment be denied with respect to the Plaintiff's discrimination claim based on her February 27, 2003 MTP application. Wal-Mart respectfully requests that the Court grant its motion for summary judgment as to each of the Plaintiff's claims.

s/ ***Jennifer F. Swain***_____
Jennifer F. Swain (ASB-7761-167J)

s/ ***Alan D. Mathis***_____
Alan D. Mathis (ASB-8922-A59M)

Attorneys for Defendant
Wal-Mart Stores East, LP

**OF COUNSEL:**

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama 35203-2618
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2005, the above and foregoing has been served on the following by placing a copy of the same in the United States Mail, first class postage prepaid and properly addressed:


Ms. Wanda Denise Ayers
3401 Robey Terrace, Apt. 304
Silver Springs, Maryland 20904


s/ ***Jennifer F. Swain***
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
Telephone:  (205) 458-9400
Facsimile:  (205) 458-9500
E-mail:  jfs@jbpp.com

W0529810.DOC