IN THE UNITED STATES DISTICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WANDA DENISE AYERS )
)
PLAINTIFF )
) CIVIL ACTION NO.
WAL-MART STORES EAST. LP ) 3:04CV1002-T
)
DEFENDANT )

### PLAINTIFF'S OBJECTION TO DEFENDANT OBJECTIONS TO PORTIONS OF THE RECOMMENDATION OF THE MAGISTRATE JUDGE

I.   Introduction

On October 7, 2005, Magistrate Judge McPherson ("the Magistrate") issued a report recommending that the plaintiff's motion for summary judgment be denied and that Wal-Mart's motion for summary judgment be denied in part and granted claims of discrimination against Wal-Mart by the plaintiff on the basis of her age and race when plaintiff was not selected for or interviewed during the promotion process in the Management Training Program ("MTP").

As discussed below, the plaintiff object to the defendant objection to the Magistrate's granting claims of discrimination against Wal-Mart's motion for summary judgment. The defendant did not show enough facts that a reasonable trailer of fact could believe under the circumstance and did not provide evidence, covered up evidence, or destroyed evidence that Wal-Mart can say that their personnel did not in fact discriminate against the plaintiff when she was not selected for the Management

Training Program. The Magistrate has recognized the inconsistent statements as well as evidences therefore granting the plaintiff claim.

**II Specific Objections**

A. Plaintiff object to defendants stating that her contacting the EEOC was not timely and that the Magistrate's finding that the determinations of the plaintiff's letter dated September 20, 2004 was timely filed. It is the defendant burden to prove that the plaintiff did not filed a timely charge of discrimination. When the defendant have not provide computer generated or formal correspondences as evidence to prove the actual date and time of any of the plaintiff's computer generated applications that she input into the computer to apply for the Management Training Program on three different occasion with written correspondence of Wal-Mart informing the plaintiff of the status of her application to prove that her EEOC case was not timely for the alleged February 2003 date that is stated by the defendant. Plaintiff objects to the defendant objection stating that the Magistrate's finding that the EEOC should have began an investigation into the plaintiff allegations stated on her September 20, 2003 letter. The defendant has not to this date made it clear the dates and times of the plaintiff employment applications for promotion or non-selection for the Management Trainee Program in regard to her being notified. On the defendant part there has been no official notification of receipt of the plaintiff application by correspondence to the plaintiff, no official notification by correspondence to the plaintiff that the plaintiff did not making it for the interviewing process, no official notification by correspondence to the plaintiff that the plaintiff was not

selected for the Management Trainee Program. To make all of this clear to the plaintiff an investigation to clarify the documented dated by the computer due to the fact that these applications were computer generated and received electronically. The computer would show the correct times and dates that three applications were inputted by the plaintiff, receipt and when the plaintiff was notified of these has never been provided and EEOC never conducted an investigation to make that clear to apply the 180 days rule to dismiss the discrimination charges.

B. Plaintiff objects to the defendants objection because in the informal stage of the complaint the EEOC Counselor should inquire or investigate into the matter and attempt to resolve the issue informally before going into a formal complaint which was not conducted by or preformed by EEOC to resolve the matter the counselor wanted to force the plaintiff to take a supervisor position, which would be concerned a floor manager position that is a hourly position and the management trainee position is a salary position. Which statement the EEOC Counselor made that the plaintiff should have taken the supervisor position that was offered to her when no position was ever offered to the plaintiff.

C. Plaintiff objects to the defendant objection because two managers informed the plaintiff of her non-selection only after the plaintiff inquired about her application and the outcome of her application. The plaintiff had to retrace the date on or about April 2003 as the time that the plaintiff was told this information by the two managers for Wal-Mart. The defendant has not provide any documented prove to state a different date or time that these two people informed the plaintiff and nor

have the defendant provide official notification or correspondence to informed the plaintiff that she was not selected.

D. Plaintiff object to the defendant objections there is not a clear picture of any of the plaintiff applications dates to imply untimely less. Wal-Mart's Human Resource Department did not official notify the plaintiff on any occasion in regard to the plaintiff employment applications for the Management Training Program.

**III Argument**

**A. The Magistrate Judge's finds that there is an issue of materiel fact in respect to the plaintiff charge of discrimination against the defendant. Plaintiff objects to defendant objections.**

As discussed below, the plaintiff objects to the defendant objection, because there is not a clear picture of any of the plaintiff applications submission dates to imply untimely less of the plaintiff EEOC case. *See Horne v. Turner Constr. Co. 136 Fed Appx. 289, 12287 (11th Cir 2005).* EEOC did not deny the claims in the plaintiff EEOC case and in fact issued plaintiff a right to sue letter as seen in this case.

"Horne filed a charge with the EEOC, which investigated her case and [**4] subsequently issued a letter determining that there was reasonable cause to believe that gender discrimination had occurred. After attempts to reconcile the parties, the **EEOC** issued a right to sue letter. Horne then **filed a timely** complaint alleging violation of her rights under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. After depositions were taken of all the witnesses discussed above, Turner moved for summary judgment." *International Union of Electrical v. Robbins & Myers Inc. 429 U.S. 229, 75-1264 ( Supreme Court 1976)); Tello v. Dean Witter Reynold Inc 410 F.3d 1275 (11Cir 2005).* Time in which to file suit is a procedural rule and is an integral part of Congress

statutory scheme that has not be disregarded by the courts out of vague sympathy for particular litigants.

"Regarding the plain meaning of statutes of limitation, the Supreme Court has held analogously that an **EEOC** petitioner was able to take advantage of Congress's enactment of an amended statute of limitations that extended the **time** within which to **file** suit, "since Congress also applied the enlarged limitations period to charges, whether or not untimely on" the enactment date."

The date on the Plaintiff letter to the Equal Employment Opportunity office can be verified by the date stamped on received by EEOC.  The Plaintiff was not given or forwarded any document regarding her case from the EEOC office to provide evidence when the letter was received by the EEOC. (Def Ex A, p. 197)

The mailing date of the Plaintiff letter can be verified by the post mark from the US Post Office as to when the Plaintiff letter was mail and not what the Plaintiff claims. (Def Ex A, p. 26, 197).  The EEOC should have the envelope that the Plaintiff mailed her letter in with the postmark, which would clearly be the evidence with the EEOC date stamp when they received the letter.  The Plaintiff was not given a written official notification of her non-selection to know if it was prior to April 2003.  The only time that the Plaintiff was made aware of her non-selection was when she with to the Human Resource office to inquire about the status of her application.  Just as the Plaintiff made clear during her deposition that she was unable to be specific as to when she learned that she had not been selected because she had to retrace the date when the two Wal-Mart managers informed her. (Def's Ex A, p. 132).

The plaintiff who was dissatisfied with a personnel action and believed that the action taken by Wal-Mart was the result of discrimination based on her race and age consulted with an EEO Counselor within 45 calendar days of plaintiff finding out that she was not

selected for the Management Trainee Program in order to preserve her right to subsequently pursue a formal complaint. After receiving a Notice of Right to File a Discrimination Complaint the plaintiff had 15 calendar days to file a formal complaint would show that the EEOC accept the plaintiff complaint. The EEOC office never informed the plaintiff that her complaint did not met EEOC standards and was not acceptable under EEOC regulations. There was no attempt in the informal stage to inquire about the time frame Ms. Amanda Dodd applied or was selected, no inquires about why the plaintiff was never official notified by Human Resource and a host of other looked over factors. The plaintiff met the entire deadline for EEOC. Therefore the plaintiff has fulfilled all conditions precedent to filing suit with respect to her discrimination claim and summary judgment should be granted.

### IV. Conclusion

For the forgoing reason, Plaintiff objects to the defendant objections recommending that Plaintiff discrimination claims based on all applications. Plaintiff respectfully requests that the Court grant the plaintiffs discrimination claims.

Wanda Denise Ayers

Pro Sec

3401 Robey Terrace
Apt 304
Silver Spring, Maryland 20904

## CERTIFICATE OF SERVICE

I hereby certify that November 14, 2005, the above and foregoing has been served on the following by placing a copy of the same in the United States Mail, first class postage prepaid and properly addressed; **I did not receive this until 11/10/2005**


Johnston Barton Proctor & Powell LLP
2900 AmSouth Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203