UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WANDA DENISE AYERS,

    Plaintiff,

vs.                              CIVIL ACTION NO. 3:04-CV-1002-T

WAL-MART STORES EAST, L.P.

    Defendant.

**DEFENDANT'S RESPONSE TO "PLAINTIFF'S OBJECTION
TO DEFENDANT OBJECTIONS TO PORTIONS OF THE
RECOMMENDATION OF THE MAGISTRATE JUDGE"**

Defendant responds to "Plaintiff's Objection to Defendant [sic] Objections to Portions of the Recommendation of the Magistrate Judge" ("Plaintiff's Objection") as follows:

1.    To the extent Plaintiff is objecting to those portions of the October 7, 2005 Recommendation of the Magistrate Judge (the "October 7 Recommendation") recommending that summary judgment be granted in Defendant's favor as to all claims except Plaintiff's claim that Defendant discriminated against her when it did not select her for an interview with respect to her February 2003 application, Plaintiff's Objection is untimely. Plaintiff's time for objecting to the October 7 Recommendation was, upon her motion, extended until November 14, 2005. Plaintiff's Objection was not filed until November 17, 2005 and is thus untimely.

2.    Plaintiff's Objection states that Defendant "did not provide evidence, covered up evidence, or destroyed evidence." This type of scandalous, unsubstantiated, and meritless allegation is typical of Plaintiff's case, and similar to those which caused Judge McPherson to correctly note that Plaintiff's case was immersed in "a sea of bad faith." *See* October 7 Recommendation at 22. The Court should strike this allegation.

3.      To the extent Defendant has been able to break down the ramblings in Plaintiff's Objection, Defendant does not believe that Plaintiff has rebutted any of the points made by Defendant in its October 20, 2005 "Objection to Portions of the Recommendation of the Magistrate Judge."  Simply put, it is Plaintiff's burden, as a condition precedent to maintaining her claim, to prove that she timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  *Maynard v. Pneumatic Products Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001); *Sanders v. City of Montgomery*, 319 F. Supp. 2d 1296, 1310 (M.D. Ala. 2004).  The Plaintiff's testimony establishes that she learned of her non-selection with respect to her February 27, 2003 application before April 5, 2003.  Plaintiff cannot establish that the EEOC received her September 20, 2003 letter as a charge of discrimination or received it before October 27, 2003, after the 180-day deadline for filing a charge of discrimination had expired.  Accordingly, Plaintiff cannot meet her burden with respect to proving that she filed a timely change of discrimination, and her claims with respect to her February 27, 2003 application are barred.

WHEREFORE, for the reasons stated above, Defendant objects to Plaintiff's identification of the witnesses contained in "Plaintiff's Witness List."

                                                  s/Patton Hahn
                                                  FERN H. SINGER
                                                  W. PATTON HAHN
                                                  Attorneys for Defendant

**OF COUNSEL:**
**BAKER, DONELSON, BEARMAN**
**CALDWELL & BERKOWITZ**
420 20th Street North, Suite 1600
Birmingham, Alabama 35203
(205) 328-0480 phone
(205) 322-8007 facsimile

## CERTIFICATE OF SERVICE

  I certify that the foregoing has been served upon the following counsel of record by electronic mail or by depositing a copy thereof in the United States mail, properly addressed and postage-prepaid, on November 22, 2005:

Wanda Denise Ayers
335 West Side Drive #104
Gaithersburg, MD 20878

            s/Patton Hahn _____
            OF COUNSEL