```
            UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF ALABAMA
                   NORTHERN DIVISION
```

| | |
|---|---|
| WANDA DENISE AYERS,            ) | |
|                                      ) | |
|     Plaintiff,          ) | |
|                                     ) | |
| v.                              ) | Civil Action No. |
|                                    ) | 2:04cv1002-MHT |
| WAL-MART STORES EAST, L.P.,    ) | |
|                                    ) | |
|     Defendant.          ) | |

**PRETRIAL ORDER**

A pretrial hearing was held in this case on February 1, 2007, wherein the following proceedings were held and actions taken:

1. PARTIES AND TRIAL COUNSEL:

COUNSEL APPEARING AT PRETRIAL HEARING (same as trial counsel):

For Plaintiff: Wanda Denise Ayers, *pro se*, P.O. Box 770462, New Orleans, Louisiana 70177-0462.

For Defendant: Fern H. Singer, W. Patton Hahn, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., Wachovia Tower, Suite 1600, 420 North 20th Street, Birmingham, Alabama, 35203, (205) 328-0480.

2. JURISDICTION AND VENUE: Jurisdiction and venue are not contested.

3. PLEADINGS: The following pleadings and amendments were allowed: Plaintiff's Complaint and Amended Complaint, and Defendant's Answers to the Complaint and Amended Complaint.

4. AGREEMENT AT PRETRIAL AS TO REMAINING CLAIMS: Wal-Mart allegedly unlawfully discriminated against Ayers on the basis of age and race when it did not select her for an interview or promotion after she applied.

5. CONTENTIONS OF THE PARTIES:

(a) The Plaintiff's:

A. The Defendant Has Not Satisfied The Requirements of Company Policies, Statues, Standards According to Wal-Mart Handbook and Policy of Regulation

    Management did not follow Company Policy or Regulation

    Destruction of Personnel Data statues 5CFR293.1 and 293.106

    Computer Tampering Petitioner Set Scheduled Change

>   Property or Facilities, Asset Control Accounting Procedures
>
>   Interviewing Skills Avoiding Discrimination
>
>   Theories of Discrimination
>
>   Wal-Mart Harassment/Inappropriate Conduct
>
>   Wal-Mart policy Investigation Complaints

   B. Defendant Wal-Mart did not Produce Sufficient Evidence that Petitioner automated personnel data was not removed from the computer that violated statues 5 CFR 293.107 & 293.106 Destruction of Personnel data

   C. The Defendant did not submit Consistent Evidence for the reason the Petitioner was not Interviewed or Promoted

   D. Defendants' Have Indeed Caused Suffering And Injury-In-Fact According To Policy And Procedures of The Defendants' Handbook Corporate Policy Harassment/Inappropriate Conduct that management deliberately and intentionally disregard.

   E. Defendant Wal-Mart disregard Policy in their

3

Company Handbook, Submitting Information That Are Unfavorable And Cannot Be Support By Factual Evidence

(b) The Defendant's:

(i) Responses to specific statements of Plaintiff:[1]

> "The Defendants have not satisfied the requirements of company policies, statues [sic], standard according to"

Wal-Mart's Response: This is a fragmentary statement no response is possible. Wal-Mart's position is that it complied with both the law and its own policies and did not discriminate against Plaintiff.

> "Defendants Wal-Mart did not produce sufficient evidence that [Plaintiff's] automated personnel data was not removed from the computer."

Wal-Mart's Response: This is a race and age discrimination case. Wal-Mart has no idea what the alleged relevance of this statement is to this case and, therefore, cannot respond. Wal-Mart would note that whatever the claimed relevance of this statement, Plaintiff bears the burden of proof as to all issues.

---

[1] Wal-Mart's responses to Plaintiff's statements are to statements contained in a draft pretrial order Plaintiff forwarded to Wal-Mart's counsel on January 8, 2007.

4

> "Defendants' [sic] did not submit [c]onsistent [e]vidence for the reason the Petitioner was not interviewed or [p]romoted."

Wal-Mart's Response: It is Plaintiff's burden to prove that Wal-Mart acted in a discriminatory manner; it is not Wal-Mart's burden to prove that it did not discriminate. Plaintiff has no evidence that Wal-Mart subjected her to unlawful discrimination.

> "Defendants' [sic] have indeed caused suffering and injury-in-fact according to policy and procedures of the Defendants' [sic] handbook."

Wal-Mart's Response: This statement is so vague as to prevent Wal-Mart from effectively responding. Wal-Mart would deny that Plaintiff has suffered any damages as a result of its actions or that it failed to follow its own policies and procedures in any decision it made with respect to Plaintiff.

> "Defendants Wal-Mart disregard Policy in their Handbook, submitting information that are [sic] unfavorable and can not [sic] be supported by factual evidence."

Wal-Mart's Response: This statement is so vague as to prevent Wal-Mart from responding; Wal-Mart does not understand what Plaintiff is referring to.

5

(ii) Defendant's positions:

Plaintiff was not selected for interview or participation in Wal-Mart's Management Training Program ("MTP") following her February 2003 application for reasons completely unrelated to her race or age. Of the eighty-four MTP applicants from District # 74 in January 2003, thirteen were interviewed, and only five were selected to the program. Of the thirteen interviewed, four were Caucasian, seven were African-American, one was Hispanic, and one was Asian. Three of the interviewees were over 40 years of age, five were between 30 and 40, and five were under 30. Of the five that were selected for the MTP, two were Caucasian, one was African-American, one was Hispanic, and one was Asian. None of the successful candidates was over 40 years of age, one was between 30 and 40, and four were under 30. Offers were sent to the five Associates selected to the MTP in early March. Ms Ayers was informed of her non-selection no later than April 5, 2003.

In March 2004, Plaintiff requested, and was granted, a four-month leave of absence to care for ill mother. She never returned to work thereafter, and apparently relocated to Louisiana during this time-period.

Plaintiff's claims are due to be dismissed because of Plaintiff's failure to comply with statutes of limitations applicable to her claims, and specifically to file a charge of discrimination within 180 days of the alleged discriminatory conduct as required by 42 U.S.C. § 2000e-5.

The actions complained of were taken for lawful reasons completely unrelated to Plaintiff's race or age. Even if Plaintiff's race or age was a motivating factor in the actions complained of, the same actions would have been taken in the absence of any impermissible motivation.

Plaintiff's claims are barred to the extent she failed to mitigate her damages. Plaintiff waived her claims for back pay, front pay, reinstatement,

7

instatement, and/or injunctive or declaratory relief by her voluntary decision to quit her employment with Wal-Mart. Even if these claims were not waived, Plaintiff is not entitled to instatement, reinstatement, front pay, back pay, or injunctive or declaratory relief.

Wal-Mart's conduct towards Plaintiff was at all times in good faith and not willful. All of Wal-Mart's decisions at issue in this case were taken for good cause.

Plaintiff is not entitled to punitive damages. Wal-Mart made good faith efforts to comply with all anti-discrimination laws and did not act with malice or reckless disregard for Plaintiff's federally protected rights. Plaintiff does not have substantial evidence that she suffered emotional distress or mental anguish as a result of any action by Wal-Mart.

6.   STIPULATIONS BY AND BETWEEN THE PARTIES: None

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last two (2) days, are set for March 26,

2007, at 10:00 a.m., with jury selection before Judge Keith Watkins in Courtroom 2E, followed by trial before Judge Myron H. Thompson in Courtroom 2FMJ;

    (2) The parties are to file their proposed jury selection questions and proposed jury instructions by March 21, 2007;

    (3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the list of his or her exhibits;

    (4) At least three days before trial, counsel are to contact the courtroom deputy clerk about the procedures for pre-marking all trial exhibits;

    (5) Each party shall have available a sufficient number of copies of each photostatically reproducible exhibit for each of the jurors, opposing counsel, the courtroom deputy clerk, the law clerk, and the judge; and

    (6) All understandings, agreements, and stipulations contained in this pretrial order shall be

9

binding on all parties unless an objection is noted and filed with the court within seven days from the date of this order.

DONE, this the 1st day of February, 2007.

                                         /s/ Myron H. Thompson  
                                         **UNITED STATES DISTRICT JUDGE**